## Penn National Bank v. Kopitzsch Soap Co., Appellant.

*Pleading—Statement—Act of May 25, 1887.*

In a suit upon an ordinary bank check by one not a party to it the statement should contain some averment of plaintiff's title or ownership, an averment of presentment to the drawer, and a neglect or refusal on his part to pay, and also a statement of the amount justly due to plaintiff.

Since the act of May 25, 1887, P. L. 271, the common counts have no place in pleading, and they require no answer or affidavit of defence.

A statement containing merely a copy of the check sued on, with a common count for money had and received, is wholly insufficient to put defendant on a statement of his defence.

Argued Feb. 12, 1894. Appeal, No. 302, Jan. T.,1893, by defendant, from order of C. P. Schuylkill Co., Jan. T., 1893, No. 78, making absolute rule for judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Reversed.

Assumpsit on check.

Plaintiff's statement was as follows, signed by counsel:

" Statement of the plaintiff's demand made under the provisions of the act of May 25, 1887.

" The above action is brought to recover the amount of a

certain promissory note for the sum of $479, with interest thereon from Sept. 23, 1892.

" The following is a copy of the promissory note on which the above action is brought:

" ' Kopitzsch Soap Co.,
    Incorporated
    Nov. 13, 1891.          . Pottsville, Pa., Sept. 23, 1892.
    Manufacturers of
Fine Family Soaps.

     " ' The Pennsylvania National Bank, of Pottsville, Pa.

     " ' Pay to the order of Abner S. Keiser, four hundred and seventy-nine dollars ($479.)

                " ' Kopitzsch Soap Company,

                   " ' By E. B. WILLIAMS, Treasurer.

" ' $479.00.'

" Indorsed : ' For protested check,

                        ABNER S. KEISER.

Collect for account of Penn National Bank, Reading, Pa.

                     C. D. MOSER, Cashier.'

" The plaintiff's demand is founded on the assumption of the defendant Kopitzsch Soap Company to pay the said plaintiff the sum of four hundred and seventy-nine dollars ($479) with interest from the 23d day of Sept., 1892. The said defendant then being indebted to the said plaintiff for the like sum of . four hundred and seventy-nine dollars ($479), before that time, paid, laid out and expended, to the use of the defendant by the said plaintiff, at the special instance and request of the said defendant, as well as for the like sum had and received by the defendant, to the use of the plaintiff, four hundred and seventy-nine dollars. Interest from the 23d day of Sept., A. D. 1892.

" Plaintiff further states that the above amount, to wit : $479, is justly due and payable to plaintiff by the said defendant, together with interest thereon from the 23d day of Sept., A. D. 1892."

The affidavit of defence was as follows :

" Edward B. Williams, being duly affirmed according to law, says that he is the treasurer of defendant corporation above-named, and, as such, says that said defendant corporation has a just and legal defence to the whole of the plaintiff's claim and demand in the above stated case of the following nature and character, to wit :

" Deponent is informed and believes that the Penn National Bank, alleged plaintiff in this cause, is not the plaintiff in fact, and is not the holder of the check in suit for value, but that it, said bank, has been paid long since by Abner S. Keiser, the payee named in said check, and that said Abner S. Keiser, by collusion with said bank, has adopted this means of using said Penn National Bank as such plaintiff, to deprive defendant corporation from making its proper defence to said suit. Deponent further says that said defendant corporation has paid to said Keiser on account of the check in suit, and before suit was brought, the sum of one hundred and thirty-one and $\frac{80}{100}$ dollars, although the claim is for the full amount, without allowing any credits whatever. All of which deponent says is true, and expects to be able to prove the same on the trial of the above stated case."

Rule for judgment absolute for $352.40.

*Error assigned* was above order.

*A. W. Schalck, John J. Clark* with him, for appellant, cited as to insufficiency of statement: Endlich on Affidavits of Defence, §§ 283–5, 289, 305, 314; Dewart v. Masser, 40 Pa. 302; Ziegler v. McFarland, 2 Pearson, 234; Mitchell on Motions and Rules, pp. 57, 63; Gottman v. Shoemaker, 86 Pa. 31; Strock v. Com., 90 Pa. 272; Fritz v. Hathaway, 135 Pa. 274; Newbold v. Pennock, 154 Pa. 596; Wall v. Dovey, 60 Pa. 212; Schwenk v. Miller, 4 Montgomery Co. R. 200; Act of May 25, 1887, P. L. 271; McGary v. Barr, 131 Pa. 401; Gere v. Unger, 125 Pa. 644; Gould v. Gage, 118 Pa. 559; Friederich v. Anderson, 22 W. N. 524; Marlin v. Waters, 127 Pa. 177; Byrne v. Hayden, 124 Pa. 170; People's Ins. Co. v. Groff, 1 Dist. R. 685; Tradesman's Bank v. Johnson, 1 Dist. R. 445.

*S. B. Edwards,* for appellee, cited: Purviance v. Dryden, 3 S. & R. 402.

OPINION BY MR. JUSTICE WILLIAMS, April 16, 1894:

The instrument sued on in this case is an ordinary bank check. It was drawn by the company defendant on the Penn-

sylvania National Bank of Pottsville, Pa., in favor of Abram S. Keiser for four hundred and seventy-nine dollars. The plaintiff is not an original party to the instrument. It was necessary therefore that the statement should contain some averment of the plaintiff's title or ownership, an averment of presentment to the drawer, and a neglect or refusal to pay on his part, and a statement of the amount claimed to be due to the plaintiff.

These are the necessary elements of a "concise statement" of the cause of action ; and such statement should be accompanied by a copy of the instrument sued on. The statement filed contains no one of the necessary averments, but does contain a copy of the check and a common count in indebitatus assumpsit for money paid, laid out and expended for the defendant at his special instance and request. The act of 1887 was not intended to introduce confusion, but clearness, in the statement of a cause of action, and the character of a defence, and reduce the range of controversy in all actions ex contractu to subjects about which the parties were unable to agree. A declaration with the common counts only gives no information whatever about the character of the plaintiff's demand. A plea of non assumpsit is equally indefinite. It became necessary to supplement these forms of pleading with notices and rules to furnish an itemized statement of the claim, or to make disclosure of the special matter relied on as a defence. The act of 1887 sought to put the correct statement of the demand, and the actual facts relied on as a defence, in the foreground, in the first instance, so that the real controversy might be outlined at once on the record. Since its passage the common counts have no place to fill in pleading, and they require no answer or affidavit of defence. This will appear by an examination of the provisions of the act of 1887 relating to this subject. They are as follows : " The plaintiff's declaration in each of said actions, viz., the action of assumpsit, and the action of trespass, shall consist of a concise statement of the plaintiff's demand as provided by the fifth section of the act of March 21, 1806, which in the action of assumpsit shall be accompanied by copies of all notes, contracts, book accounts, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the plaintiff's

claim is founded." The section of the act of 1806 referred to, requires the plaintiff to state not only the nature of his demand, and the date of the instrument sued on, but also " The whole amount that he, she, or they believe is justly due to him, her, or them from the defendant." This is a necessary part of a statement. It need not be made in the words of the statute, but it must show the amount the plaintiff claims as justly due him.

This statement, when the common count is eliminated, contains nothing but a copy of the check sued on. It does not aver ownership of the check, or presentment and demand, or the amount justly due. It was wholly insufficient to put the defendant on a statement of his defence, and for this reason if for no other the judgment entered for want of a sufficient affidavit should be reversed.

It is reversed accordingly, and the record remitted for such further action as the case may require.