# Wm. M. Terriberry, trading as Wm. M. Terriberry & Co., *v.* Joseph Broude and M. H. Cuff, trading as Broude-Cuff Moulding Co., Appellants.

*Practice, C. P.—Pleading—Sufficiency of statement.*

In an action of assumpsit to recover the price of mouldings, a copy of account attached to the statement is sufficient which sets forth the date of sale, the special number and amount of each item in feet and inches, and the price per foot, although in the account special numbers are used to designate the articles sold, a number being understood by the parties as taking the place of a name and detailed description as to size, pattern, material and quality.

*Affidavit of defense—Set-off—Contract.*

An affidavit of defense to an action for goods sold and delivered is insufficient which sets up as a defense the breach of an agreement under which plaintiff was to allow defendants a line of credit upon conditions named, but which fails to state the conditions of the agreement were complied with, or that the orders which were not filled were not in excess of the credits to be given, and which also fails to state the items which went to make up the loss claimed, or anything from which the loss could be computed.

*Costs—Security for costs — Rule of court—Affidavit of defense—Practice, C. P.*

A rule of court provided that where a plaintiff was nonresident the defendants should be entitled to a rule for costs only upon filing a sufficient affidavit of defense. Defendants filed an affidavit of defense, and while the rule for judgment for want of a sufficient affidavit of defense was pending, entered a judgment of non pros against plaintiff for not entering security for costs. *Held,* that when the affidavit of defense was held to be insufficient the foundation of the rule for costs was gone, and the judgment of non pros fell.

Argued Oct. 31, 1895. Appeal, No. 165, Oct. T., 1895, by defendants, from order of C. P. No. 1, Allegheny County, March T., 1895, No. 280, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The case was originally begun before a justice of the peace.

On December 19, 1894, defendants appealed from the judgment of the justice. On January 26, 1895, plaintiff filed the statement. On February 8, 1895, defendants filed an affidavit of defense, and on the same day entered a rule on plaintiff to enter security for costs. On February 20 a rule for judgment was entered for want of a sufficient affidavit of defense. On March 21, 1895, judgment of non pros was entered against plaintiff for failing to enter security for costs. On April 20, judgment of non pros was set aside and rule for judgment made absolute.

Plaintiff's statement was as follows:

The above named defendants are justly and legally indebted to the above plaintiff in the sum of $47.67, a balance for goods sold and delivered by plaintiff to said defendants at their special instance and request, upon an account hereto attached and made part hereof, which is a true and correct copy of plaintiff's books of original entry in said matter. That the prices charged therein for said goods is the fair market price of same, the same as agreed upon between plaintiff and defendants, and that defendants are entitled to no credits on said account except those shown therein. That although demand has often been made on said defendants for the payment of said claim, no part thereof has been paid, and plaintiff therefore brings this suit.

### ACCOUNT.

M. BROUDE-CUFF MOULDING CO.

To W. M. TERRIBERRY & CO., *Dr.,*
Manufacturers of
White and Ornamental Mouldings.

| | | | | |
|---|---|---|---|---:|
| June 4, 1894, 309 ft. 2 | No. 562 @ 35c . | . $10 82 | | |
| " " 310 ft. 2½ | No. 563 @ 40c | . 12 40 | | |
| " " 312 ft. 3 | No. 564 @ 45c . | . 14 04 | | |
| " " 96 ft. 4 | No. 497 @ 70c | . 6 72 | | |
| " " 1,190 ft. 4 | No. 196 @ 11c . | . 13 09 | | |
| | | | | $57 07 |
| June 6, 1894, 500 ft. 2 | No. 516 @ 30c . | . $15 00 | | |
| " " 3,120 ft. 1 white lining @ $5 | . 15 60 | | | |
| | | | | 30 60 |
| Amount carried forward | . . . . | | | $87 67 |

Amount brought forward    .   .  .      .      .    $87 67
*Cr.*

Oct. 17, '94, by cash pd. Duncan & King   .  $10 00
Oct. 18, "      "      "    .    .    .    .     15 00
Nov. 17, "      "      " Duncan & King   .    5 00
                                        ———    $30 00

                                              $57 67
Nov. 20, '94, by cash paid  .    .    .    .    .    .  10 00

                                              $47 67

The material portions of the affidavit of defense are as follows :

Deponent further says that the plaintiff entered into an agreement with the defendants whereby plaintiff expressly agreed and sold to the defendants $300 worth of merchandise on credit; said merchandise was to be afterwards selected by the defendants; and that plaintiff would carry a credit of $300 for the defendants during the time they transacted such business; that plaintiff thereupon shipped sample patterns to defendants, and requesting defendants to select therefrom, and to do so in the future; that defendants were allowed to send in renewal orders, and that plaintiff always was to make prompt shipments of such goods ordered by the defendants; it was further understood defendants should start salesmen out on the road to push the sale of said goods, thereby enabling defendants to send in large orders for such goods to plaintiff, and plaintiff would thereby sell large quantities of his goods to defendants' firm; that in the meantime defendants were to make regular payments to plaintiff amounting to the equivalent of their renewal orders.

Deponent further says that defendants, on the strength of said undertaking on the part of the plaintiff, started their salesmen out on the road to solicit orders for such goods; that defendants sold large quantities of such goods; in order that defendants might fill said orders they received from their customers, defendants requested and ordered plaintiff to ship such goods to them under the terms and agreement above stated, which plaintiff repeatedly promised to do, but never did ship the goods ordered; thereby causing defendants not alone to lose said orders from their customers, but will also have to pay

damages to their customers for all losses which each customer thereby sustained. In addition to which defendants laid out considerable money, in the nature of traveling and other expenses and salary of their salesmen; also losses on profits on goods sold by their salesmen, which orders were to be filled by plaintiff, all of which amounts to, to wit, $300. The same would not have happened had the plaintiff lived up to his part of the above undertaking.

Deponent further avers that the defendants are not indebted to the plaintiff in any sum whatever, and that the plaintiff is indebted to the defendants in the sum of $300 above stated, which sum defendants present as a set-off against plaintiff, and ask that said amount be certified in a judgment to the defendants, and that the plaintiff take nothing by his writ in this case, all of which is true and correct to the best of affiant's knowledge, information and belief.

Rule 66 of the court below is as follows:

"In all cases where the plaintiff resides out of the state the defendant, upon filing a sufficient affidavit of defense, may have a rule of course on him to enter security for costs within thirty days after notice, and in the meantime proceedings shall be stayed; and upon proof of default filed, the prothonotary shall enter judgment of nonsuit."

*Errors assigned* were (1) in not discharging rule for judgment as the statement was insufficient; (2) in setting aside judgment of non pros; (3) in making the rule for judgment absolute.

*T. L. Gaertner*, for appellants, cited as to the insufficiency of the statement, Hutchinson v. Woodwell, 107 Pa. 509.

Cited as to the affidavit of defense, Endlich on Affidavit of Defense, sec. 393.

*Galen C. Hartman*, for appellee, cited as to the insufficiency of the affidavit of defense, Marsh v. Marshall, 53 Pa. 396; Wilson v. Hayes, 18 Pa. 354; Karthaus Coal & Lumber Co. v. Given, 1 W. N. C. 366.

OPINION BY MR. JUSTICE FELL, January 6, 1896:

Three questions are presented by this appeal. The first

relates to the sufficiency of the statement of claim, the second to the sufficiency of the affidavit of defense, and the third to the regularity of the proceedings after the entry of a rule on the plaintiff, a nonresident, for costs.

It is averred in the statement that the defendants are indebted to the plaintiff in a sum named for goods sold and delivered upon an account which is attached, and which is a true and correct copy of the plaintiff's book of original entry. This with the other averments makes a clear and concise statement of the cause of action. The copy of account filed shows a charge by plaintiff, manufacturer of mouldings, against the defendants, in which the date of sale, the special number and the amount of each item in feet and inches and the price per foot are set forth. In the account special numbers are used to designate the articles sold. A number takes the place of a name and detailed description as to size, pattern, material and quality. The reason for this as a matter of business convenience is obvious, and is explained by the statement in the affidavit of defense that the orders were made from sample patterns. Such orders and charges are not unusual, and no point has been made that the entries are not intelligible and are not fully understood. Indeed, no objection to the statement is raised by the affidavit upon any ground.

It is not alleged in the affidavit of defense that the goods for the price of which suit is brought were not ordered and received, nor that other goods sent without orders were not used without an offer to return them. The claim for set-off is founded upon the alleged breach of an agreement to fill orders. The statement as to its terms and as to the loss sustained is vague and uncertain in the extreme. The agreement set up is that the defendants were to be allowed a line of credit upon conditions named, but it is not stated that the conditions were complied with, nor that the orders which were not filled were not in excess of the credit to be given. There is no specification of items which go to make up the loss claimed, and nothing stated from which it can be computed. If all the averments were established by proof there would still be no means of ascertaining the amount.

Under the rules of court the defendants were entitled to a rule for costs only upon filing a sufficient affidavit of defense.

While the rule was entered as a rule of course, its validity, depended upon the affidavit. The judgment of non pros was entered while the rule for judgment for want of a sufficient affidavit of defense was pending. The latter rule questioned the sufficiency of the affidavit and challenged the right to costs. It would have been more regular as a matter of practice if the plaintiff had first moved the court to take off the judgment by default, and both rules could have been heard together. This in effect is what was done, but without the formal entry of a rule. One branch of the case depended upon the other, and when the affidavit was held to be insufficient the foundation of the rule for costs was gone, and the judgment fell.

No substantial right was denied the defendants, and the record presents no ground for reversal.

The judgment is affirmed.