## Henry Close *v.* George W. Hancock, Appellant.

*Practice, C. P.—Supplemental affidavits—Time of filing same.*

Where a defendant is granted leave to file a supplemental affidavit it is his duty to file it within a reasonable time after such leave granted; failing to do so the court is justified in finally disposing of the rule, and in entering judgment upon the presumption that the defendant either could not or did not wish to be more specific.

*Practice, C. P.—Requisites of affidavit of defense alleging set-off.*

A deduction or set-off alleged in an affidavit of defense must, in order to be of any avail, be stated with precision and exactness as to the amount, and the court must be left in no doubt as to its source and character, so as to be able to judge of the propriety of its allowance against the plaintiff's claim.

*Requisites of affidavit under act of 1887.*

While an affidavit of defense need not have all the particularity and technicality which are necessary in a special plea, yet it ought to set out the defense so that the plaintiff may know with some degree of certainty what will be interposed to defeat his claim. Since the act of May 25, 1887, the completeness and accuracy required in the plaintiff's statement and the defendant's affidavit are substantially the same.

*Practice, C. P.—Affidavit of defense—Breach of independent contract as set-off.*

Where a defendant sets up a breach of an independent contract as an offset he should, not only attach a copy of the contract, if it be in writing, and allege a breach and the amount of damages, but should also specify with precision in what the breach consists.

Argued Oct. 12, 1896. Appeal, No. 72, Nov. T., 1896, by defendant, from judgment of C. P. No. 2, Phila, Co., Dec. T.,

1895, No. 991, for want of a sufficient affidavit of defense.   Before RICE, P. J., WILLARD, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Motion for judgment for want of a sufficient affidavit of defense.

Plaintiff's statement set out a parol contract and claimed the sum of $76.79 for money due for work and labor performed in the erection of a carriage house, the items being specifically set out.   Defendant filed an affidavit of defense on February 20, 1896.   On March 6, by leave of court a supplemental affidavit of defense was filed.   Defendant was granted leave to file a second supplemental affidavit of defense on March 21st.   On the following Saturday such second supplemental affidavit not having been filed the court entered judgment for plaintiff.   The affidavit of defense and the supplemental affidavit of defense were as follows :

### AFFIDAVIT OF DEFENSE.

George W. Hancock, being duly affirmed according to law, affirms and says, that he has a complete defense to the plaintiff's claim of the following character : The plaintiff charged defendant for more material then he used in building an addition to defendant's stable by thirty-three per cent of the whole amount furnished.

That the defendant was notified by the various furnishers of material not to pay the plaintiff, as he had not paid them.   That by reason of plaintiff's default in building a row of houses, under contract dated March 30, 1895, for the defendant, and his failure to pay the mechanics and material-men, and his failure to build two kitchens according to law, by reason of the provision for damages, contained in the contract for failure to complete the same, the plaintiff is indebted to the defendant to the extent of more than $1,500, which this defendant seeks to recover against the plaintiff by way of set-off, and shall ask for a certificate thereof at the trial of the case.

### SUPPLEMENTAL AFFIDAVIT OF DEFENSE.

" George W. Hancock, being duly affirmed according to law, says as a further defense to the suit in this case that he entered

into a contract with the plaintiff, a copy of which is hereto attached, on March 30, 1895.

"That the said plaintiff did not complete said contract or comply with the terms thereof as follows: That this affiant paid cash to the plaintiff $5,537.20; that he accepted plaintiff's orders to the amount of $915 as follows: Lumber, $300; mill work, $250; stairs, $102; iron, $103; additional mill work, $160; making in all $6,452.20.

"That he is advised, believes and will prove on the trial of this case that it will take $910 more to complete the houses under the contract which has been abandoned by the plaintiff. That the above sums exceed by $460 the contract price for the houses to be built and completed by the plaintiff.

"That by the terms of the said contract plaintiff was to complete it on the twenty-ninth day of June, 1895, and pay $3 per day as liquidated damages, that it is still uncompleted and under the above clause the plaintiff is now, March 5, 1896, indebted to the defendant in the sum of $750 additional by reason of his failure to perform said contract for 250 days."

That to the above affidavit the contract of the plaintiff was attached, setting forth that the contract price was $6,900, that the work was to be completed prior to June 29, 1895, providing for a penalty and fixing the payment of the sums of money to the defendant thereon.

Judgment for plaintiff. Damages assessed at $79.75.

*Errors assigned* were, (1) entry of judgment for want of a sufficient affidavit of defense; (2) entering judgment after having given defendant leave to file a second supplemental affidavit of defense without counsel or defendant being given notice of such application.

*Henry J. Hancock*, for appellant.—The case never appeared on any list except the current motion list for March 2, 1896. The rules of court require 48 hours' notice, of a motion for judgment. Here the record shows nothing done from March 2, 1896, when the supplemental affidavit was ordered, until March 28, 1896, when judgment was taken.

It is contended also that the affidavit filed was sufficient: Bank v. Oil Works, 175 Pa. 580; Galey v. Fitzpatrick, 171 Pa.

50; Davis Coal Co. v. Coal Co., 175 Pa. 155; Lane v. Penn Glass Sand Co., 172 Pa. 252; Murphy v. Taylor, 173 Pa. 317; Bryson v. Home, 168 Pa. 352.

In the present case the statement is fatally defective in that it does not aver the sum was "justly due." And no plea was put in by the defendant, so that it is not too late to object to the defect: Gould & Co. v. Gage, 118 Pa. 559; Schafer v. Brotherhood, 22 W. N. C. 312.

*Ormond Rambo,* for appellee.

OPINION BY RICE, P. J., January 18, 1897:

The defendant's affidavit of defense was filed on February 20. It was clearly insufficient and a rule was entered for judgment. On March 2, the defendant was granted leave to file a supplemental affidavit, which he did on March 6. It is stated in the paper-books—although the record does not show it—that at the argument, after this affidavit had been filed, the court deeming it defective, granted the defendant leave to file a second supplemental affidavit. It is stated that this leave was granted on March 21. On the following Saturday (March 28) the second supplemental affidavit not having then been filed the court entered judgment. We see no error in this. The original rule was pending and had been argued. It was not necessary to enter a new rule, nor to give further notice: Com. v. Snyder, 1 Pa. Superior Ct. 286. It was the defendant's duty to file his second supplemental affidavit within a reasonable time after leave was granted. Failing to do so the court was perfectly justified in finally disposing of the rule and entering judgment.

In his first and second affidavits the defendant sets up as an offset to the plaintiff's demand a cross demand for damages growing out of the plaintiff's breach of a contract to build a block of houses for the defendant. He alleges in general terms that the plaintiff abandoned the contract before completion, and that it would cost at least $910 to complete the houses according to the contract; also that he is entitled to the additional sum of $750 as liquidated damages under a provision of the contract that the plaintiff should pay $3.00 for each day that the houses remained uncompleted after June 29, 1895.

Affidavits of defense are uniformly construed most strongly

against the defendant, for it is reasonable to suppose that he will state his case as favorably for himself as the facts will permit. A deduction or set-off, alleged in an affidavit of defense, must, in order to be of any avail, be stated with precision and exactness as to the amount, and the court must be left in no doubt as to its source and character, so as to be able to judge of the propriety of its allowance against the plaintiff's claim: Endlich on Affidavits of Defense, sec. 510. There is an additional reason, which is that the plaintiff is entitled to know with reasonable certainty what he will be compelled to meet on the trial of the case. While an affidavit of defense need not have all the particularity and technicality which are necessary in a special plea, yet it ought to set out the defense so that the plaintiff may know, with some degree of certainty, what will be interposed to defeat his claim: McCracken v. First Ref'd Congregation, 111 Pa. 106. Since the act of May 25, 1887, P. L. 271, the completeness and accuracy required in the plaintiff's statement and the defendant's affidavit are substantially the same: Fritz v. Hathaway, 135 Pa. 274. As our Brother SMITH well said in Hutton v. McLaughlin, 1 Pa. Superior Ct. 642: "and one evident purpose of that statute is to secure full and concise statements of the material facts relied upon, so that each party may know with reasonable certainty the nature and character of the other's claim and contention relative to the subject-matter of the controversy." See also Markley v. Stevens, 89 Pa. 279; Louchheim v. Becker, 3 W. N. C. 449; McBrier v. Marshall, 126 Pa. 390; Bakes v. Reese, 150 Pa. 44; Terriberry v. Broude, 173 Pa. 48. Where a defendant sets up a breach of an independent contract as an offset, he should, not only attach a copy of the contract, if it be in writing, and allege a breach and the amount of damages, but should also specify with precision in what the breach consists. The affidavits before us are defective in this latter particular; they do not show when the plaintiff abandoned work on the contract nor in what particular it remained unperformed. They are also defective in not stating the dates of the payments referred to therein. The plaintiff was entitled to a specific statement of the particulars in which the defendant claimed the houses to be uncompleted; for without it, he would be compelled to come to trial prepared to prove that every door was hung and every nail was driven. The

enforcement of these plain rules imposes no hardship on the defendant. The court gave him full opportunity to cure the obvious defects in his affidavits, and he cannot now complain if they are scrutinized with somewhat greater strictness than if he had not been afforded such opportunity. Failing to file a second supplemental affidavit within a reasonable time, the court had a right to presume that he either could not or did not wish to be more specific.

We have examined all of the cases cited by the defendant and find nothing in them to conflict with the foregoing conclusions.

The judgment is affirmed.