## Bridgeman Brothers Company *v.* Swing, Appellant.

205          479
  23 SC     582
205          479
e 27 SC ²270

*Practice, C. P.—Affidavit of defense—Statement—Claim—Pleading.*

The procedure act of 1887 relieved plaintiffs from a certain amount of formality in the statement of their claims but not from any obligations of substance in the stated cause of action. But if the substance was there the act was not intended to increase mere technicality of presentation.

A statement in assumpsit set forth an indebtedness on a " book account for merchandise sold and delivered to the defendants at their request," with further averment that the charges are "just and reasonable " and a copy of the account showing in detail the articles and their prices. *Held,* that the statement was sufficient to require an affidavit of defense.

*Demurrer—Statement—Affidavit of defense—Judgment.*

Where a defendant in assumpsit chooses to demur to the sufficiency of the statement, and the court finds that the statement is sufficient, judgment may be entered against the defendant without giving him leave to file an affidavit of defense.

Argued Jan. 20, 1903.    Appeal, No. 296, Jan. T., 1903, by defendants, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1902, No. 1085, entering judgment on demurrer to statement in case of Bridgeman Brothers Company v. Thomas C. Swing and William H. Bateman, Jr., trading as Swing & Bateman. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Demurrer to statement.

The grounds of demurrer were as follows:

1. Said statement fails to disclose a delivery of any goods or chattels by the plaintiff to the defendants.

2. The statement of claim fails to show any liability on the part of the defendants or either of them.

3. The alleged copy of plaintiff company's book of original entry upon which the action is based fails to disclose any charge against the defendants by the plaintiff company.

The court found that the statement was sufficient, and entered judgment in favor of the plaintiff denying defendant's request for leave to file an affidavit of defense on the merits.

*Error assigned* was in overruling demurrer and entering judgment for plaintiff.

*J. H. Brinton,* for appellants.

*Julius C. Levi,* for appellee, was not heard.

PER CURIAM, May 4, 1903:

The procedure act of 1887 relieved plaintiffs from a certain amount of formality in the statement of their claims but not from any obligations of substance in the stated cause of action: Fritz v. Hathaway, 135 Pa. 274.    But if the substance was there the act was not intended to increase mere technicality of presentation.    The statement in the present case sets forth

an indebtedness on " a book account for merchandise sold and delivered to the defendants at their request," with a further averment that the charges are " just and reasonable" and a copy of the account showing in detail the articles and their prices. This would have been entirely good as a common count with bill of particulars under the previous practice, and no defect has been pointed out as to precision or certainty of parties and amounts, which would make it bad in any of the features the procedure act was intended to require. The defendant instead of filing an affidavit of his defense, if any he had, chose to demur and the court had a right to hold him to the strict legal consequences.

Judgment affirmed.