Thorne, Neale & Co. v. Irving & Leiper Mfg. Co., Appellant.

*Practice, C. P.—Statement of claim—Insufficiency of statement —Act of May 25, 1887, P. L. 271.*

In an action for the price of coal sold and delivered, a statement of claim is sufficient under the Act of May 25, 1887, P. L. 271, which avers that the defendant "agreed to purchase and pay for the said coal"; avers an actual delivery of the coal to the defendant at its wharves and an acceptance of the same by the defendant; "that there and then there became and was due by the defendant to the plaintiff," the sum in controversy "in accordance with the agreement, which said sum, or any part thereof the defendant has neglected and refused to pay, although repeatedly requested so to do, wherefore the defendant was then, and is now indebted, etc."

In such a case it is immaterial that the statement does not aver that any sum was "justly" due by the defendant.

Under the Act of May 25, 1887, P. L. 271, all matters of substance essential to a good cause of action, must be set out with clearness and precision, but the use of technical words is not required.

Argued Nov. 20, 1916. Appeal, No. 1, Oct. T., 1916, by defendant, from order of C. P. Delaware Co., Sept. T., 1913, No. 89, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Thorne, Neale & Co. v. Irving & Leiper Mfg. Co. Before ORLADY, P. J.,

PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ. Affirmed.

Assumpsit for coal sold and delivered.

The statement of claim was as follows:

The above-named plaintiff, Thorne, Neale & Company,
a corporation of the State of Pennsylvania, by its at-
torney, William I. Schaffer, Esq., claims from the above-
named defendant, Irving & Leiper Manufacturing Com-
pany, a corporation, the sum of four hundred and eight
dollars and fifty cents ($408.50), with interest thereon
from the twenty-sixth day of February, A. D. 1913, at
six per cent. upon the cause of action, of which the fol-
lowing is a statement:

That the said defendant, the Irving & Leiper Manufac-
turing Company, a corporation, having its place of busi-
ness in the City of Chester, did on or about the thirteenth
day of February, A. D. 1913, order, and agree to pur-
chase, from the above-named plaintiff, certain coal to be
furnished by the said plaintiff and received by the said
defendant, the cargo to consist of No. 1 buckwheat coal.

That the said defendant then and there agreed to pur-
chase and pay for the said coal at the rate of $2.15 per ton
"Alongside," thereby meaning the said coal should be de-
livered and sold to it, the said plaintiff, at the said rate,
at the wharf of the said defendant company, in the City
of Chester.

That pursuant to the said undertaking and contract of
sale, the said plaintiff did deliver to the said defendant at
its wharf aforesaid, on the twenty-sixth day of February,
A. D. 1913, a cargo of No. 1 buckwheat coal, consisting of
one hundred and ninety (190) tons, which cargo was re-
ceived by the said defendant.

That there, then and there, became and was due by the
said defendant to the said plaintiff the sum of four hun-
dred and eight dollars and fifty cents ($408.50) for the
said cargo of one hundred and ninety (190) tons of No. 1
buckwheat coal, delivered as aforesaid, at the rate of two

dollars and fifteen cents ($2.15) per ton, in accordance with the agreement as aforesaid, which said sum or any part thereof the said defendant had neglected and refused to pay to the said plaintiff, although repeatedly requested so to do.

Wherefore, the said defendant was then, and is now, indebted to the said plaintiff in the sum of four hundred and eight dollars and fifty cents ($408.50), with interest thereon from the twenty-sixth day of February, 1913, at six per cent., for which sum the plaintiff brings this action.

The case turned on the sufficiency of the statement of claim.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Kingsley Montgomery,* for appellant.

*William I. Schaffer,* with him *E. Wallace Chadwick,* for appellee.

OPINION BY ORLADY, P. J., March 13, 1917:

Judgment was entered in the court below for want of a sufficient affidavit of defense, and on appeal the contention is that notwithstanding the doubtful character of the affidavit of defense, the judgment should be reversed, for the reason that the plaintiff's statement of claim is insufficient in not complying with the requirements specified by the act of assembly. In Gould v. Gage, et al., 118 Pa. 559, which was the first case to reach the Supreme Court involving the practice under the procedure Act of 1887, it is said: The object of the act is, doubtless, to dispense in ordinary cases with precise and technical pleadings; but in order to obtain substantial justice the statement should convey to the defendant the nature and extent of the plaintiff's claim;

and in Bridgeman Bros. Co. v. Swing, 205 Pa. 479, the rule is stated as follows: "The Procedure Act of 1887, relieved plaintiffs from a certain amount of formality in the statement of their claim, but not from any obligation of substance in the stated form of action. But if the substance was there, the act was not intended to increase mere technicality of presentation."

It has frequently been held, that the act was intended to dispense with technical formality, but to insist upon matters of substance, indispensable to an intelligent and just judgment between the parties: Winkleblake v. Van Dyke, 161 Pa. 5. It requires that the declaration in assumpsit or trespass is to be a concise statement of the plaintiff's demand. It should be not only concise, but precise; exhibiting with accuracy and completeness the ground on which recovery is sought. The plaintiff's statement must not only set out a wrong, but the evidence shows a wrong, and the wrong shown must be the wrong alleged.

The special challenge to the sufficiency of the statement in this case is that, there is no allegation, that any sum is justly due, owing and payable by the defendant,— though the statement avers that the defendant "agreed to purchase and pay for the said coal"; an actual delivery of the coal to the defendant at its wharves and an acceptance of the same by the defendant, "That there, and then there became and was due by the defendant to the plaintiff," the sum in controversy, "in accordance with the agreement, which said sum, or any part thereof the defendant has neglected and refused to pay, although repeatedly requested so to do, wherefore the defendant was then, and is now indebted, etc."

This express, unequivocal demand is not denied by the defendant, and the statement is a substantial and intelligent compliance with the requirements of the Act of 1887, which need not necessarily be in the exact words of the statute, but it must show the amount the plaintiff

claims as justly due him: Penn Nat. Bank v. Kopitzsch Soap Co., 161 Pa. 134.

Under the Act of 1887, all matters of substance essential to a good cause of action, must be set out with clearness and precision, but the use of technical words is not required: Young v. Geiske, 209 Pa. 515.

Under the statement as presented, in the use of the words above quoted, there was a concise statement of the claim for a specified amount and the addition of the technical words "justly due to him," would not have added anything to its clearness.

The judgment is affirmed.