## Gimbel Brothers *v.* Weaver, Appellant.

*Affidavit of defense—Practice, C. P.—Book account.*

An affidavit of defense is insufficient where, alleging set-off as a defense, it does not set forth with precision and exactitude the amounts and figures which are within the knowledge of the defendant.

*Appeals—Paper books—Complete record.*

On appeal from judgment for want of a sufficient affidavit of defense, in an action on a book account, a copy of the accounts is a necessary part of the record, and failure to print them for the examination of the appellate court is reason for quashing the appeal.

Argued Oct. 22, 1918.    Appeal, No. 21, Oct. T., 1918, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1916, No. 3404, in favor of plaintiff for want of a sufficient affidavit of defense, in case of Gimbel Brothers, Incorporated, v. Ida E. Weaver.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit on book account.    Before FINLETTER, J.

The opinion of the Superior Court states the case.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was in entering judgment for want of a sufficient affidavit of defense.

Henry J. Scott, and with him *Frank A. McManus*, for appellant.

Julius C. Levi, and with him *David Mandel, Jr.*, for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

The accounts between these parties required careful examination of many items, and to fairly understand the affidavit of defense, the copy of the book accounts is necessary. It is vague and indefinite, and while the defendant challenges the accuracy of the accounts as kept by the plaintiff, and avers that she is unable to set forth a statement of the true account between her and the defendant, she does not allege that she had made any request for an examination of the original account, but avers in a lumping item that, there is due her the sum of $16 on settlement. As stated by the appellant, "the various ramifications of the case, by reason of the conflicting statements of the affidavits of defense, both plaintiff and defendant found it exceptionally difficult to comply with the law as to pleadings." This makes it the more necessary for this court to have before it a copy of the book entries attached to the amended statement of claim, which the appellant has not printed. They were examined by the court below, and it was held that the affidavit of defense was not sufficient. The defense was a set-off, and in order to be of any avail must be stated with precision and exactness as to the amount when the facts are within the defendant's knowledge: Close v. Hancock, 3 Pa. Superior Ct. 210; Leas v. Hafer, 39 Pa. Superior Ct. 160. If the defendant thinks the statement or copy filed is deficient or that it is necessary for her to examine the books and records in the possession of the plaintiff, the court on proper application, will delay action until a full examination may be made, but in this case the defendant decided the question for herself, without going into particulars as to amount or dates, and the

court was right in holding the affidavit was insufficient. The motion to quash for noncompliance with our rules must be sustained.

The appeal is quashed.