## Wedow v. Penn Products Company.

*When statement and set-off not sufficiently specific — Practice Act of May 14, 1915.*

1. On an action to recover an amount stated as daily salary and traveling expenses, due under a contract, an affidavit of defence is insufficient which simply denies that the plaintiff incurred expenses to the amount claimed, without setting forth any facts upon which it bases that denial and alleges that it has no account of the number of days on which the plaintiff worked.

2. In such case a claim of set-off, alleging that the plaintiff agreed to complete the work in sixty days and failed to do so, in consequence of which the defendant "suffered damages to the extent of the plaintiff's claim or more," without stating how the defendant was damaged by the plaintiff's delay, is insufficient. A set-off must be averred with the same precision and particularity as the claim in the statement. Practice Act of May 14, 1915, P. L. 483, considered.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., June T., 1921, No. 68.

*L. R. Geisenberger*, for rule; *John E. Malone*, contra.

2 D. & C.

Wedow v. Penn Products Company.

HASSLER, J., Jan. 14, 1922.—The plaintiff here asks for judgment for want of a sufficient affidavit of defence. In his statement he alleges that on May 22, 1920, he entered into a written contract, which is made part of the statement, to do certain work for the defendant, for which it agreed to pay him $20 per day and all traveling and other expenses. He alleges that, in pursuance of the contract, he worked eighteen and a-half days, which, at $20 per day, amounted to $370. He also alleges that he incurred traveling and other expenses to the amount of $234. He sets forth in detail the items of traveling and other expenses and the date of each day on which he worked. His total claim is $604, upon which he admits payment of $200, leaving a balance claimed to be due of $404.

In its affidavit of defence the defendant admits it made the contract with the plaintiff and that he did work under it. It denies that the plaintiff incurred traveling or other expenses to the amount of $234. It does not set forth any facts upon which it bases that denial. It alleges, further, that the plaintiff agreed to complete the work in sixty days from the date of the contract, and that he failed to do it, and, in consequence, "it suffered damages to the extent of plaintiff's claim and over."

The general denial of the allegations in the plaintiff's statement that he incurred expenses is not sufficient under the Act of May 14, 1915, § 8, P. L. 483. The defendant must state the facts upon which he bases his denial: Union Trust Co. v. Martin, 37 Lanc. Law Rev. 156; 29 Dist. R. 1138; Kriser v. Supply Co., 2 Erie, 176. The defendant must make his denial so clear and specific that the plaintiff may forthwith obtain judgments for the amount as to which there is no defence: Schoenbein v. Surety Co., 1 Erie, 207. An affidavit of defence which simply denies the averment of the statement of plaintiff's claim is insufficient under the Practice Act: Fulton Farmers' Ass'n v. Bomberger, 35 Lanc. Law Rev. 319, affirmed in 262 Pa. 43.

It is admitted in the affidavit of defence that the plaintiff lived a considerable distance away from the work, and that he did do some work under the contract. He must necessarily, therefore, have incurred some traveling and other expenses. In making a general denial that he incurred expenses to the amount claimed, the defendant is clearly attempting to evade a statement of just what expense the plaintiff did incur, so as to permit him obtaining judgment for such an amount. It should set forth the facts clearly and particularly to show what part of the expenses claimed was incurred under the contract and what part was not.

There is no denial in the affidavit of defence as to the amount of work which plaintiff alleges he did under the contract. The defendant only alleges that it has no account of the number of days that the plaintiff was present at the work. This is clearly not a sufficient denial.

The defendant's claim of set-off is that because the work was not done within sixty days it suffered damage to the extent of plaintiff's claim and over. While it is not embraced in the contract that the work was to be completed within sixty days, the allegation that it was made at the same time the contract was made, and was the inducing cause for the defendant to sign it, would entitle it to have it considered. We do not, however, think that the claim of set-off, as it appears in the affidavit of defence, is sufficient. The claim of set-off must be averred in the affidavit of defence with the same precision and particularity as is necessary in setting forth the claim affirmatively in the statement: Stern v. Dwyer, 15 Dist. R. 925; Gimbel Brothers v. Weaver, 71 Pa. Superior Ct. 212; O'Neil v. Burnett, 263 Pa. 216. The defendant does not state how it was damaged by the delay on the part of the

plaintiff, nor with any particularity as to the items of such damage or the amounts. It cannot be contended that if the defendant were seeking to recover the damages claimed from the plaintiff in an action in which it was plaintiff, it would be setting forth its claim with sufficient particularity and precision, if it did so, as it appears in the affidavit of defence.

We are of the opinion that the plaintiff is entitled to judgment for the full amount of his claim, as the affidavit of defence is not sufficient to prevent judgment, and, therefore, make absolute the rule to show cause why judgment should not be entered for the plaintiff for want of a sufficient affidavit of defence, and enter judgment for him in the sum of $404, with interest from Jan. 1, 1921, making a total of $428.24.

Rule made absolute.