## Wittgenstein v. Boback

*W. Irvine Wiest*, for plaintiff.

*Hiram J. Bloom* and *Strouss & Strouss*, for defendant.

MORGANROTH, P. J., June 8, 1936.—Plaintiff, in an action of assumpsit for payment of certain trade acceptances, filed a motion for judgment for want of a sufficient affidavit of defense.

The defense is that the thrown silk delivered to defendant, in payment of which the trade acceptances were given to plaintiff, was defective, in that the silk contained many slack twists, which, when woven and dyed, caused streaks to appear in the product, thereby destroying its value for sales purposes. Plaintiff contends that this defense is evasive and contradictory, fails to set forth sufficient facts, and is a vague, general and indefinite denial of the claim of plaintiff.

Plaintiff's counsel relies on Gimbel Brothers v. Weaver, 71 Pa. Superior Ct. 212, Close v. Hancock, 3 Pa. Superior Ct. 207, and Thornburgh v. West Penn Rwys. Co., 254

Pa. 246. In the first of these cases, the controversy was over the accounts between the parties, and, while defendant challenged the accuracy of the accounts as kept by plaintiff and averred she was unable to set forth a statement of the true account, she did not allege that she had made any request for an examination of the original account, but averred in a lumping item that there was due her a certain sum on settlement. The court held that if defendant thought the statement filed was deficient, or that it was necessary for her to examine the books in possession 'of plaintiff, on proper application, action would be delayed until a full examination might be made. But defendant decided the question for herself without going into particulars as to amounts or dates, and for this reason the affidavit of defense was held insufficient. In the second case cited, that of Close v. Hancock, supra, the affidavit of defense set up, as an offset to plaintiff's demand, a cross demand for damages growing out of plaintiff's breach of contract to build a block of houses for defendant, who alleged in general terms that plaintiff abandoned the contract before completion, that it would cost a certain sum to complete the houses according to the contract and that an additional sum was due as liquidated damages. This defense was held insufficient. In Thornburgh v. West Penn Rwys. Co., supra, the affidavit of defense alleged a defect in a deed, but failed to aver the respects in which the deed was not in proper form. For that reason the affidavit of defense was held insufficient to prevent judgment.

In the instant case, to every paragraph averring the claim for a trade acceptance the defense is interposed that the thrown silk, in payment for which the trade acceptance was given, was defective, for the reason that the silk contained many slack twists which, when woven and dyed, caused streaks to appear in the product, thereby destroying the value of the product for sales purposes. The particular shipments alleged to be defective are sufficiently identified as those delivered in payment of partic-

ular trade acceptances, the dates and the amounts of which appear in plaintiff's statement under the paragraphs thus answered in corresponding paragraphs in the affidavit of defense. Here there is no question of disputed accounts, but a distinct averment of slack twists, an alleged defect in thrown silk delivered to defendant by plaintiff. Plaintiff is put upon notice that the defect consists of these slack twists, that the slack twists caused streaks to appear in the silk when it was woven and dyed and that the streaks destroyed the value of the silk. We are of opinion that there is sufficient certainty in the averment in the affidavit of defense. A mere defect is not set up; it is affirmatively averred that the silk contained many slack twists, which we take to mean a particular defect. And that streaks appeared in the finished product by reason of these slack twists is an equally unequivocal and precise averment. We doubt that the defense could in fact be averred in any better language. Judgment can be "entered only in cases that are clear and free from doubt, or, as is often said, only in 'clear cases.' Where there is doubt as to whether a plaintiff is entitled to summary judgment, the doubt should be resolved in favor of the defendant, especially in those cases requiring a broad inquiry into the facts": 4 Standard Pennsylvania Practice, §223, and cases there cited.

The affidavit of defense clearly raises these issues: (1) Did the thrown silk delivered by plaintiff, for which he seeks payment, contain slack twists which caused streaks to appear when the silk was woven and dyed? (2) Did those streaks destroy the sales value of the finished product?

Defendant also argues that plaintiff failed to file a reply to a claim of recoupment made a part of the affidavit of defense, and that such failure to file a reply is sufficient in itself to defeat the entry of a judgment for want of a sufficient affidavit of defense, citing Farmers' & Breeders' Mutual Reserve Fund, etc., Co. v. Elliott, 26 Dist. R. 436. It is said in 4 Standard Pennsylvania Practice, §229:

"The effect of a motion or rule for judgment for want of a sufficient affidavit of defense upon an affidavit containing a set-off, counterclaim, or new matter is not entirely clear. The Supreme Court has allowed such a rule to attack the entire pleading including the set-off or counterclaim."

While other practice is indicated in other cases: section 229; we are of opinion that, here, the motion for summary judgment should be held to attack the whole of defendant's pleading, especially for the reason that the claim of recoupment is made in the same language as the defense of defects in the thrown silk, alleging that, by reason of these defects, defendant sustained damages in excess of the amount of plaintiff's claim. The claim of recoupment is for defects identical with those pleaded as a defense, and an attack on the defense is an attack on defendant's claim.

Being of opinion that the issues are fairly raised in the pleadings, plaintiff's motion for summary judgment must be denied.

And now, June 8, 1936, plaintiff's motion for judgment for want of a sufficient affidavit of defense is overruled, with leave to file reply within 15 days. Let an exception be noted for plaintiff.