## Paterson Savings and Trust Company v. Kiessling et al.

*John C. Decker*, for plaintiff.

*Frederick Y. Dietrick*, for defendants.

WILLIAMS, J., October 17, 1950.—Plaintiff has sued five defendants in three actions, December term, 1949, nos. 574, 575 and 576. The complaints are based upon the same set of circumstances, and the same preliminary objections and answers to preliminary objections have been filed in each case. We will there-

fore write one opinion to dispose of the three sets of preliminary objections.

Defendants in their first four preliminary objections complain that the complaints do not conform to the Pennsylvania Rules of Procedure in that they contain legal conclusions without alleging facts, and in that the averments of time are not specifically stated.

The complaints first allege the names and residences of the parties, then outline the fact that defendants made and delivered promissory notes to one R. J. Garfield, agent of the Contractors Roofing and Siding Corporation, and then allege that this Contractors Roofing and Siding Corporation endorsed and delivered these notes to plaintiffs for a valuable consideration. The times of making and delivering the notes are alleged in the complaint, as well as the times when the notes were endorsed to plaintiff. The complaints also allege that the notes were originally given for value and that when they were endorsed over they were endorsed before maturity and for a valuable consideration. We, therefore, see little merit in the first four preliminary objections of defendants, especially as all of the notes are attached to the complaints as exhibits.

Paragraph 5 of the preliminary objections, however, seems to have merit. This objection is that the complaints as a matter of law are insufficient and do not state a cause of action against defendants in that it is not alleged in the complaints that plaintiff was the owner and holder of the notes sued upon at the time of filing the complaint. It has been held that when suit on a negotiable instrument is brought by one other than the payee or original party thereto, the statement of claim must contain an averment of all of the material facts necessary to a cause of action in plaintiff's favor, and one of these material facts is the fact of title or ownership of the instrument: Penn National Bank v. Kopitzsch Soap Co., 161 Pa. 134.

The court see no such averment of title and ownership in the complaints, and is of the opinion that such averment is necessary.

Preliminary objections 6, 7, 8, 9, and 10 to the actions are to the effect that another suit or suits have been commenced by the Contractors Roofing and Siding Corporation, original payee on the notes, which suits arose out of the same transactions and for the payment of the same claims that are now being litigated in the instant case. It appears from the preliminary objections that judgments have been confessed on the same notes used as exhibits in these cases, against the same defendants, and for the same amounts now being claimed, and that these other judgments have been opened by this court in order to let defendants into a defense.

The facts alleged in nos. 6, 7, 8 and 9 of the preliminary objections, to the effect that judgments were confessed in our court, and that these judgments were opened by the court, have been admitted by plaintiff in its answers to the preliminary objections. Preliminary objection 10, however, to the effect that the claims made by the Contractors Roofing and Siding Corporation in the other actions upon which judgments were confessed arose out of the same transactions and are for the payment of the same alleged claims, has been denied.

Such being the case, we see little merit in the contention of these defendants that this other pending litigation stops plaintiff in these actions. A plea of former suit pending must allege that the case is the same, the parties the same, and the rights asserted and the relief prayed for the same: Hessenbruch et al. v. Markle, 194 Pa. 581. In the instant cases plaintiffs are not the same. Because of the necessity in maintaining the freedom and confidence of commercial intercourse the authorities have been agreed that purchasers of instruments before maturity are not

concluded by subsequent judgment if they are bought in good faith and for value. See 34 Am. Jur. 376, §18.

Of course, this court will not allow two different persons to get judgment against defendants for the same claims. The proceedings in the instant cases, however, if they can be sustained, appear to have right of way over any other actions based upon the same claims.

And now, October 17, 1950, for the reason given above, the preliminary objections are sustained, plaintiff, however, in all of the cases recited above, to have 15 days within which to amend the complaints.