## I-R Equipment Corporation v. Wesex Corporation

*Edward A. Gamble* and *Frank G. Verterano,* for plaintiffs.

*Ronald T. Heiman,* for defendant.

ACKER, J., December 21, 1970.—Defendant, by preliminary objection to a complaint in assumpsit, has requested a more specific pleading. It appears by a reading of the complaint that the action is upon a book account for materials and equipment sold and rented by plaintiff to defendant. The complaint itself does not attempt to set forth dates of contract and agreed prices, but does attach copies of the book account. The preliminary objection contends that the complaint

does not state what the consideration was for the sale and rental, the terms agreed upon nor the dates when the articles were requested and furnished. Further, it is claimed that plaintiff has an obligation to allege what charges were agreed upon, the date or dates when they were so agreed and the circumstances under which the agreement was reached. Therefore, by preliminary objection, defendant is contending that in a suit upon a book account in assumpsit all of the surrounding details concerning the negotiations and the agreements reached, which are consummated in the delivery and billing of the goods, must be alleged.[1]

Must a complaint in assumpsit upon a book account for material and equipment sold and rented set forth the consideration agreed upon, the terms of the contract or rental, the dates when the articles were requested and furnished, the circumstances under which the agreement was reached or the terms of the oral contract resulting in the delivery of the goods?

The requirements of sufficient allegations to withstand a preliminary objection upon a book account have been set forth in a series of older Pennsylvania cases. In Prosewicz v. Gorski, 151 Pa. Superior Ct. 309, 30 A. 2d 224 (1943), there was a suit in assumpsit for provisions sold on an open book account. The complaint averred the sale of provisions on dates and in the amounts as set forth in a copy of plaintiff's book account which is attached to the complaint and showed separate entries for each day's purchases, but did not contain description for each item making up the daily charges. This, however, was held to be

---

[1] Defendant, by brief, also contends that plaintiff failed to set forth the name of the officer or employe with whom the agreements were negotiated. This contention is not in the preliminary objection and is, therefore, improperly raised by brief and is not here considered.

sufficient and not subject to an attack on a rule to open judgment.

In Terriberry v. Broude, 173 Pa. 48, 33 A. 699 (1896), the complaint averred that defendants were indebted to plaintiffs in a certain sum for goods sold and delivered upon an account which was attached and made a true and correct copy of plaintiff's books of original entry. This was held to be clear, concise and sufficient on which to base a judgment for want of a sufficient affidavit of defense.

In Redington Hotel v. Guffey, 148 Pa. Superior Ct. 502, 25 A. 2d 773 (1942), there was a suit in assumpsit to recover sums allegedly due plaintiff for hotel services. The exhibits that were attached were referred to as copies of books of original entry, but were, in fact, merely copies of bills sent to defendant. This, however, was not fatal, since they gave defendant sufficient information on which to prepare a defense.

A statement in a complaint in assumpsit setting forth the debt on a book account for merchandise sold and delivered to defendants at their request, but the charges were just and reasonable in setting out a copy of the account sued upon, was sufficient to require an answer: Bridgeman Brothers Company v. Swing, 205 Pa. 479, 55 A. 26 (1903).

In Genesee Paper Company v. Bogert, 23 Pa. Superior Ct. 23 (1903), a complaint averred that defendants purchased from plaintiff certain quantities of paper, as per the statement attached, which were duly delivered and a copy of the account was attached which began, "Rochester, New York, June 6, 1901. Wilkes-Barre Leader, E. F. Bogert, Pub'r., Wilkes-Barre, Pa. To Genesee Paper Co., Dr., 1900." The averments of the complaint taken in connection with the account clearly show that the

goods were charged to defendant and the statement was held to be sufficient.

Prior to the promulgation of the recent Rules of Civil Procedure by statute, it was required that copies of book entries must be attached to a complaint.[2]

It has likewise been held that if the facts support an "account stated," plaintiff need not plead the nature of the transaction nor detail separate items entering into the account: Fischer v. Hyland Dairy Company, 56 Luz. 255 (1966); Trident Construction Company v. Raieski, 58 Luz. 249 (1968).

A pleading in a suit on a book account which sets forth the items on which the claim is based, the date of delivery thereof, and the total charges made therefor, as well as the charge per unit, is regarded as sufficient: Sunbury Foods, Inc. v. Skotedis, 38 Northumb. 191 (1966).

In view of the authority cited above, the contentions of defendant that plaintiff has failed to state the consideration for the sales and rentals, the terms agreed upon for sales and rentals, the date when the articles were requested and furnished and the circumstances under which the agreement was reached, are all without merit. A fair reading of the invoices and ledger sheets attached to the complaint informs the reader of the description of the item rented, the period of the rental, the amount of the rental, the sales tax to be charged, credits that were given and the purchase of one relatively small item. The circumstances surrounding the entering into the rental agreement and the other details concerning the mat-

---

[2] Act of May 14, 1915, P. L. 483, sec. 5, 12 PS §386. This statute has been incorporated, in effect, in Pa. R.C.P. 1019(h). So doing, a plaintiff may incorporate in the complaint by reference the allegations contained in the exhibit: Hoover v. Gully, 6 Mercer 244 (1962).

ter as requested by defendant are immaterial in a suit upon a book account.

Wherefore, the preliminary objection in the nature of a motion for a more specific pleading is denied.

### ORDER

And now, December 21, 1970, the preliminary objection in the nature of a more specific pleading is denied. Defendant is ordered to file a responsive pleading, if desired, to the complaint in assumpsit within 20 days of the date of this order.