Nikulnikoff, Appellant, *v.* Orthodox Russian Church of St. Andrew, Inc.

292

Submitted October 11, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Hassrick, Stewart, Streeper and Abrahams,* for appellant.

*Frysinger Evans,* for appellee.

OPINION BY GAWTHROP, J., December 12, 1929:

This is an appeal by plaintiff from an order making absolute defendant's rule to open judgment entered against it by default for failure to file an affidavit of defense within fifteen days after service upon it of a copy of the statement of claim, which was endorsed as provided by Section 10 of the Practice Act of 1915.

The action was in assumpsit. The summons was issued November 30, 1926, which was nine days before the claim would have been barred by the statute of limitations. The writ was served on defendant on December 6, 1926. December 24, 1926, the present counsel filed an appearance for defendant, which was duly noted on the docket. November 13, 1928, the statement of claim, duly endorsed with the notice required by the Practice Act, was filed. January 24, 1929, there was filed an affidavit of service of a copy of the statement of claim on defendant on January 18, 1929, by handing the same to the secretary of defendant. No copy of the statement of claim was served on defendant's counsel of record, and he had no notice or knowledge of the filing thereof. February 7, 1929, judgment for want of an affidavit of defense was entered by the prothonotary on the order of plaintiff's attorneys, in accordance with a rule of the court below, and damages were assessed at $2,108. February 14, 1929, defendant filed a petition to have the judgment opened, proceedings to stay, etc. An answer to this petition was filed by plaintiff and, after consideration, the court below directed that the judgment be opened and defendant let into a defense. The order was made on two grounds, first, because no copy of the statement of

claim was served on defendant's attorney of record; and second, because the statement of claim was regarded as not self-sustaining.

We agree that the statement of claim was not self-sustaining. To entitle a plaintiff to judgment for want of an affidavit or a sufficient affidavit of defense all the essential ingredients of a complete cause of action must affirmatively appear in the statement. A judgment entered for want of an affidavit of defense will be opened where it appears that the plaintiff's statement was not sufficient to call for an affidavit of defense: Trescott v. Co-operative Bldg. Bank of N. Y., 215 Pa. 438. The defendant is the Orthodox Russian Church of St. Andrew, Incorporated. The material allegations of the statement are that "plaintiff loaned to defendant the sum of $2,000 by giving the said $2,000 to Archbishop Alexander Nemolovsky, Archbishop of the Orthodox Russian Church of St. Andrew;" that "Archbishop Alexander Nemolovsky gave the plaintiff a receipt in writing, a true and correct copy of which, together with a true and correct translation, is attached hereto and marked Exhibit 'A';" that "Archbishop Alexander Nemolovsky was authorized to act for the Orthodox Russian Church of St. Andrew by virtue of his office;" that "after making the above loan the Orthodox Russian Church of St. Andrew was incorporated under the laws of the State of . . . . . . ;" and that "after the incorporation of the defendant in the above case the defendant ratified the above motion." The translation of the receipt is as follows: "Received by way of a loan on December 8, 1920, from Father Abbott Simeon $2,000, to pay part of indebtedness of St. Andrews Church in Philadelphia, which is placed for sale. Archbishop Alexander." Assuming for present purposes that the statement contains a sufficient averment of a loan to a body of persons constituting the church before it was incorporated, the averment that the de-

fendant corporation ratified the loan seems a wholly insufficient averment of the assumption of liability by the corporation. There is no averment of the facts showing when or how the alleged ratification occurred. We regard this defect as sufficient justification for the opening of the judgment. Defendant's counsel moved promptly after notice of the entry of judgment, and the petition discloses the existence of a meritorious defense to the action. His client should be given an opportunity to be heard on the merits of the case and have its day in court.

This conclusion makes it unnecessary to consider the question whether the failure of plaintiff to serve a copy of the statement of claim on defendant's counsel of record was also a sufficient reason for the action of the court below.

The order is affirmed.