Taggart, Insurance Commissioner, Appellant, *v.* De Fillippo.

Taggart, Insurance Commissioner, Appellant, *v.* Graham.

Taggart, Insurance Commissioner, Appellant, *v.* Alleva.

Argued April 10, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

440

*C. Raymond Young,* with him *John Blair Moffett,* for appellant.

*Joseph G. McKeone* and *Truman D. Wade,* for appellee, were not heard.

PER CURIAM, June 30, 1934:

These three appeals were argued together and will be disposed of in one opinion, as the same principle is applicable to and determinative of the issue in each. The facts involved in these cases are set forth at length in the opinions of the Superior Court reported at 108 Pa. Superior Ct. 320, and 108 Pa. Superior Ct. 329, and need not be repeated here.

The legal question involved is whether, upon appeal to the Superior Court from the action of a court of common pleas in entering judgment against a defendant for want of a sufficient affidavit of defense in an action of assumpsit, the appellate court may, of its own volition, upon examination of the pleadings, determine that plaintiff's statement of claim is insufficient and reverse the judgment of the court below with a procedendo. In the case before us there is involved the further fact that the sufficiency of the statement of claim was considered by the lower court and decided in plaintiff's favor; that ruling, however, was not assigned as error by defendants in their appeal to the Superior Court.

The power of the Superior Court to decide any issue pertinent to a case properly before it, is specifically conferred by statute. Section 8 of the Act of June 24, 1895, P. L. 212, provides that the Superior Court "may affirm, reverse, amend or modify any order, judgment or decree as it may think to be just, or it may return the record for further proceedings in the court below," and the authority to make such disposition of a case as seems proper to the court is not contingent upon the presence of assignments of error relating to questions decided on appeal. The Superior Court, in accordance with its

rules, usually refuses to consider matters not formally raised by assignments of error, but its power to review any phase of a case before it cannot be questioned, except where the action is contrary to statute.

Upon the merits of these appeals, we are in accord with the views expressed by the Superior Court, and the judgment in each case is accordingly affirmed.