Redington Hotel *v.* Guffey, Appellant.

Argued March 3, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Arthur A. Maguire,* with him *Joseph P. Brennan* and *Frank Slattery, Jr.,* for appellant.

*J. L. Brown,* with him *Chas. B. Lenahan,* for appellee.

OPINION BY KENWORTHEY, J., April 15, 1942:

This action in assumpsit was brought to recover sums alleged to be due plaintiff for hotel services rendered to defendant or others on his behalf. Judgment was entered on September 10, 1940 for failure to file an affidavit of defense. On September 26, 1940, defendant filed a petition on which the court issued a rule to show cause why the judgment should not be stricken off. After argument before the court en banc the court discharged the rule. Defendant appeals.

President Judge KELLER recently [1] quoted from Mitchell's "Motions and Rules in Pennsylvania," as follows: "The rule to *strike off* judgment is essentially a common law proceeding, a short and summary substitute for an audita querela, a writ of error *coram vobis,* or a certiorari or writ of error from a superior court, by which the same relief was formerly administered. Being for irregularity apparent on the face of the proceedings, it is in the nature of a demurrer to the record,

---

[1] *Kingsdorf v. Frank Gamburg, Inc.,* 147 Pa. Superior Ct. 84, 94, 24 A. (2d) 140, and see also *Rome Sales & Service Station v. Finch,* 120 Pa. Superior Ct. 402, 404, 183 A. 54.

and is not confined to any particular kind of judgments, nor limited as to the time it may be taken advantage of ......" It is not a substitute for a rule for more specific statement of claim or a rule to strike off a pleading. *Northern New York Nurseries, Inc. v. Kovach et al.*, 96 Pa. Superior Ct. 400. And since it is not an equitable proceeding, the defendant is not required to set forth a meritorious defense. In this respect it differs fundamentally from a rule to *open* a judgment. Our duty is "to inquire whether the statement contains averments of fact necessary to sustain the action." *Mitten Brothers v. Bass et al.*, 84 Pa. Superior Ct. 298, 300; *Com. v. Hoffman*, 74 Pa. 105, 111.

The statement of claim alleges that plaintiff is a Pennsylvania corporation, having its principal place of business at 83 E. Market Street, Wilkes-Barre, Pennsylvania; that on or about November 8, 1938, plaintiff and defendant entered into an oral contract whereby plaintiff was to furnish to defendant, or to various persons on his behalf, certain hotel services; that defendant authorized John A. Carroll and Hal Seville, and any committees that might be appointed by them on behalf of defendant to contract for said services; that in the month of April, 1939, at the instance and request of defendant and his agent, Hal Seville, plaintiff furnished certain services set forth in the books of original entry, copy of which was marked "Exhibit A;" that between November 8, 1938 and April 26, 1940, at the instance and request of defendant and his agent, John A. Carroll, plaintiff furnished certain services set forth in the books of original entry, copy of which was marked "Exhibit B;" that the prices charged were reasonable and were those which defendant and his authorized agents agreed to pay; that certain payments on account were made and credit allowed as set forth in "Exhibit B;" and that plaintiff had demanded pay-

ment of the balance of $1187.17, but the defendant had refused to pay the same or any part thereof.

Appellant's first contention is that the statement fails to state a cause of action because it omits the identity of appellee's agent, clerk or clerks, with whom the various services were contracted for. The court might have compelled appellee to furnish the information on a rule for more specific statement of claim on a showing of substantial prejudice. In our opinion it was not vital to the presentation of a good cause of action. Where a party in any pleading seeks to *impose* responsibility on a corporation for the act of an agent,[2] the identity of the agent must be set forth. *Germantown Trust Co. v. Emhardt (No. 1)*, 321 Pa. 561, 564, 184 A. 457; *Miner-Hillard Milling Co. v. Rosato*, 81 Pa. Superior Ct. 94, 96. Without the information, the corporation is deprived of the means of refuting the agent's authority or denying that he acted as alleged. But where the corporation *brings* an action on a contract it, as to it, affirms the existence of the contract, its terms and the authority of the agent to make it. And, ordinarily, the identity of its agent is neither necessary nor of practical value to the other party. If he (the other party) intends to deny either the existence of the contract or its terms, he doesn't need to be told with whom he *didn't* make it.

Appellant next contends that the exhibits, which are referred to as "copies of the books of original entry," are on appellee's billheads and are merely copies of bills sent to "Jos. F. Guffey Campaign Comm. and Jos. F. Guffey" on August 20, 1940. But the misnomer is not fatal. The purpose of the exhibits was to inform the appellant of the dates, amounts, and nature of the charges in sufficient detail to enable him to prepare a defense, if any he had. Some of the items are lumped

---

[2] We are not dealing with a tort action where liability is sought to be imposed for the act of a servant.

under the heading, "Restaurant" and "Telephone Calls," without specifying the nature of the restaurant service and itemizing the telephone calls. All the other items, in our opinion, are sufficiently specific, and if the ones objected to were not, the proper remedy was a rule for more specific statement. And in our opinion the argument that, because the bills were made out to appellant and his campaign committee a joint liability is indicated, is wholly without merit. The exhibits do not purport to be the contract on which the suit was brought as in *Baldwin v. Ely,* 113 Pa. Superior Ct. 233, 173 A. 696, on which appellant relies.

Finally, appellant's petition avers that whereas the suit was brought by Hotel Redington, the correct name of the corporation is "Redington Hotel Corporation." But in considering a petition of this kind, we are limited to matters appearing in the record. *Rome S. & S. Station v. Finch,* 111 Pa. Superior Ct. 226, 169 A. 476; *Bredon v. Gilliland,* 67 Pa. 34. Furthermore, the error in the name, if it be error, is one which can be corrected by amendment, even after judgment. Act of May 4, 1852, P. L. 574, Sec. 2, 12 PS 533; *Fuel City Mfg. Co. v. Waynesburg Products Corp.,* 268 Pa. 441, 447, 112 A. 145.

The assignment of error is overruled and the order discharging the rule to strike off judgment affirmed.