Prosewicz *v.* Gorski et ux., Appellants.

Argued October 5, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*B. D. Oliensis,* for appellants.

*Frank A. Simons,* with him *Hyman Rubin,* for appellee.

OPINION BY HIRT, J., January 28, 1943:

The action is in assumpsit for meats and groceries sold to the defendants on open book account during the period December 4, 1935 to April 8, 1936. Both defendants were served with summons and with a statement of claim but they did not appear. Judgment was taken for want of an affidavit of defense on June 28, 1941. Defendants first evidenced interest in the proceeding when plaintiff attached their bank account on February 27, 1942. They then moved to open the judgment alleging that they made no purchases during the period (the rule is still pending) and to strike off the judgment on the ground that the statement of claim based upon a book account is not self-sustaining because of lumped charges and the failure to set forth in detail each item alleged to have been sold to the defendants. The rule to strike off was discharged; hence this appeal.

Plaintiff in his statement of claim averred that he sold and delivered to defendant "upon the credit of

both of them, groceries and meats and provisions on the dates and in the amounts as set forth in a true and correct copy of plaintiff's book of original entry" attached to the statement. The exhibit shows 109 separate entries by date and amount varying from $1.12 to $19.62—an average of $3.66. The charges for each day were lumped and plaintiff's books do not contain a description, with the sale price, of each of the items of food making up the daily charges. Defendants contend that if the case had been tried, the book account would not have been admissible as evidence against them, and therefore the judgment based upon the defective book account is voidable and must be stricken off on motion.

Defendants, before judgment, had a choice of action. If the statement did not give them sufficient information for the preparation of their defense they could have ruled the plaintiff for a more specific statement and plaintiff would have been obliged to supply it under penalty of judgment of non pros. Or defendants, if they believed that the statement did not meet the requirements of the Practice Act of May 14, 1915, P. L. 483, as amended, might have attacked the statement by a motion to strike off, if made within 15 days after service of the statement upon them, under §21, 12 PS 491, in which event plaintiff would have been entitled to file an amended statement. *Com. to use v. Consld. I. & Ins. Co.,* 107 Pa. Superior Ct. 535, 164 A. 78. One need not file an affidavit of defense to a wholly insufficient statement of claim. But a defendant, who does not file an affidavit of defense for that reason, takes the risk that he may be mistaken in his judgment that the statement is not self-sustaining. *Clarion Etc. R. Co. v. Hamilton,* 127 Pa. 1, 17 A. 752.

Essentially the motion in the present case is a belated attempt to strike off the statement of claim, and with it the judgment entered upon it. At this late day it

must be regarded as a demurrer to the record (*Kingsdorf v. Frank Gamburg Inc.*, 147 Pa. Superior Ct. 84, 24 A. 2d 140) which admits the truth of every averment of fact in the statement. It is too late to raise objections which are formal merely or which might have been cured by supplying additional information by amendment to the statement of claim had the defendants requested it. The question is whether the statement contains averments of fact necessary to sustain the action.

This case is ruled against the defendants by the principles discussed by Judge KENWORTHEY in *Redington Hotel v. Guffey*, 148 Pa. Superior Ct. 502, 25 A. 2d 773. The exhibits in that case though called "copies of the books of original entry" were in reality copies of invoices and the statement was lacking in the essentials of a good pleading of a book account. Nevertheless we held: "The purpose of the exhibits was to inform the appellant of the dates, amounts, and nature of the charges in sufficient detail to enable him to prepare a defense if he had any." As to items lumped in a single charge "the proper remedy was a rule for more specific statement."

Here was an averment of sales of groceries and meats with a reference to the book account for the date and the total amount of each daily purchase. It is not probable that the books of a grocer would contain more. On a rule for a more specific statement plaintiff would have had to depend upon duplicate sales slips or other memoranda to supply information as to the specific items—their kind, quantity and price—making up the daily transactions. This information was not requested. Plaintiff did not rely wholly on the book account to prove his claim. In addition, his statement offers proof that he sold provisions to the defendants on the dates and in the amounts therein set forth. The

statement therefore was self-sustaining; all essentials of a good cause of action appear and the statement is sufficient to support the judgment.

Order affirmed.