Richey *v.* Gibboney et al., Appellants.

2

Argued October 27, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Fred B. Trescher,* of *Kunkle, Trescher & Snyder,* with him *Paul A. Koontz,* for appellants.

*Alvin L. Little* with him *B. F. Madore,* for appellee.

OPINION BY RHODES, J., December 10, 1943:

The court below refused to open judgment entered against defendants by default for failure to file an affidavit of defense. Defendants have appealed.

This is an action in assumpsit in which there are nine defendants who were sued jointly. A summons was

issued on September 4, 1937. It was served on seven of the defendants on September 13, 1937. On October 4, 1937, an appearance was entered for the seven defendants, and service of the plaintiff's statement of claim was accepted. On May 21, 1938, an alias summons was issued returnable June 13, 1938, and served on the two remaining defendants.

On June 6, 1938, judgment for want of an affidavit of defense was entered against all the defendants in the amount of $1,138.52. On July 7, 1938, the prothonotary made a notation in his docket to the effect that the judgment as to the two defendants who had been served on May 21, 1938, was in error.

On June 9, 1938, three days after the judgment was entered, defendants presented a petition to the court below to open the judgment. A rule was awarded to which plaintiff filed an answer. The court below discharged the rule but ordered that the liquidation of the judgment be stricken out pending a determination of the issues between plaintiff and the two defendants who had been served with the summons on May 21, 1938. Defendants then presented a petition to amend the petition to open the judgment to the effect that the statement of claim failed to set forth a cause of action against the individual defendants either jointly or separately, and that it was insufficient to support the default judgment. Defendants also presented a petition for reargument. Rules were issued and subsequently discharged by the court below.

The statement of claim averred that defendants were indebted to plaintiff on certain insurance policies on the dates and in the amounts set forth in the books of original entry of plaintiff, and charged therein against defendants, copies of which were attached to and made part of the statement. The policies consisted of fire, truck, compensation and other types of insurance. The charges, however, were against the "Cottage Planing Mill Co. or G. H. Gibboney Estate."

The second paragraph of the plaintiff's statement reads as follows:

"2. The defendants are individuals, as follows: Anna A. Gibboney is executrix and legatee of the last will and testament of George H. Gibboney, deceased, residing in the Borough of Everett, Grace M. Gibboney, a legatee under said will, resides in the Borough of Everett, Vashti Gibboney Stahle is a legatee under said will residing in the City of Greensburg, Lillian Gibboney Zepp is a legatee under said will residing in the City of New York, George H. Gibboney, Jr. and Edwin Earle Gibboney are legatees under said will residing in the Borough of Everett, Mary A. Gibboney and Dorothy Gibboney, heirs-at-law of O. Lawrence Gibboney, who was a legatee under the will aforesaid, reside in the Borough of Everett."

It was not averred that defendants individually or collectively executed a guaranty or did anything to fix liability upon themselves for the policies of insurance charged to the "Cottage Planing Mill Co. or G. H. Gibboney Estate." There is no averment that the defendants or any of them were the owners of the Cottage Planing Mill Co., or that it was being operated by anyone who was their agent or working under their control. The mere fact that they were legatees under the will of G. H. Gibboney, and that one was also executrix thereof was not of itself sufficient to charge them with responsibility or liability for this book account. The charges are against the "Cottage Planing Mill Co. or G. H. Gibboney Estate" with nothing to show any connection between them or between the individual defendants and the claims for premiums so charged. But it is averred in the statement of claim that the policies were "charged therein [plaintiff's book of original entry] against defendants." There is no averment of any facts which would show when or how the defendants or any of them might have become liable to plaintiff on a book account with a third party or third parties.

The petition to open the judgment set forth that the judgment was prematurely entered as to two of the defendants, and that the failure of the other defendants to file an affidavit of defense was due to the illness and absence from the county of one of their attorneys. To the petition was attached a copy of an affidavit of defense wherein it was denied, inter alia, that the charges described in the copy of the books of original entry were shown to have been against the defendants, or that said policies were shown to be charged against them. The matter came before the court below upon petition and answer; it was not satisfied that the affidavit of defense could not have been filed in time, and declined to consider the sufficiency of the statement of claim on the ground that it was not raised in the petition.

In discharging the rules to show cause why the petition to open should not be amended and a reargument allowed the court below said: "We cannot hold that the statement of claim was insufficient to support the judgment. It follows that even if the petition to open were amended as prayed for the result would be the same. Consequently the petition for amendment was refused."

Proceedings to open judgments are equitable in nature, addressed to the sound discretion of the court, and to be disposed of in accordance with equitable principles. An application to open a judgment is also equitable in substance and must rest on a meritorious, and not on a mere technical, defense. *State Camp of Pennsylvania of the Patriotic Order, Sons of America v. Kelley et al.,* 267 Pa. 49, 56, 110 A. 339. It is the general rule that on appeal this court determines only whether the discretion has been abused. *Mielcuszny et ux. v. Rosol et ux.,* 317 Pa. 91, 93, 176 A. 236. An abuse of discretion is not merely an error of judgment, but, if, in reaching a conclusion, the law is overridden or misapplied, discretion is abused. *Adelman v. John*

*McShain, Inc.,* 148 Pa. Superior Ct. 138, 141, 24 A. 2d 703. But, so far as the case turns upon legal questions and deductions from facts, it comes before us for review upon the merits rather than to see if the chancellor has properly exercised his discretion. *State Camp of Pennsylvania of the Patriotic Order, Sons of America v. Kelley et al.,* supra, p. 53; *Kline v. Fitzgerald Bros.,* 267 Pa. 468, 473, 110 A. 348; *Bauer v. Hill,* 267 Pa. 559, 564, 110 A. 346.

A judgment entered for want of an affidavit of defense will be opened where it appears that the plaintiff's statement was not sufficient to call for an affidavit of defense; to entitle a plaintiff to judgment for want of an affidavit of defense or a sufficient affidavit of defense all the essential ingredients of a complete cause of action must affirmatively appear in the statement and exhibits which are made part thereof. *Nikulnikoff v. Orthodox Russian Church of St. Andrew, Inc.,* 97 Pa. Superior Ct. 291, 294; *Acme Mfg. Co. v. Reed,* 181 Pa. 382, 384, 37 A. 552; *Munhall v. Travelers Ins. Co.,* 300 Pa. 327, 331, 150 A. 645; *Taggart, Insurance Com'r v. Graham,* 108 Pa. Superior Ct. 320, 325, 165 A. 68, affirmed 315 Pa. 438, 173 A. 423. In *Taggart, Insurance Com'r v. De Fillippo,* 315 Pa. 438, at page 440, 173 A. 423, at page 424, the Supreme Court said: "The legal question involved is whether, upon appeal to the Superior Court from the action of a court of common pleas in entering judgment against a defendant for want of a sufficient affidavit of defense in an action of assumpsit, the appellate court may, of its own volition, upon examination of the pleadings, determine that plaintiff's statement of claim is insufficient and reverse the judgment of the court below with a procedendo. In the case before us there is involved the further fact that the sufficiency of the statement of claim was considered by the lower court and decided in plaintiff's favor; that ruling, however, was not assigned as error by defendants in their appeal to the Superior Court. ......

The Superior Court, in accordance with its rules, usually refuses to consider matters not formally raised by assignments of error, but its powers to review any phase of a case before it cannot be questioned, except where the action is contrary to statute."

The court below considered the statement of claim sufficient to support the judgment. We think that the statement of claim is defective, and that it does not entitle plaintiff to a judgment. It fails to show liability on the part of defendants for the sum claimed; and plaintiff's judgment cannot be taken and liquidated upon the data which it furnishes. See *Parry v. First National Bank of Lansford,* 270 Pa. 556, 559, 113 A. 847. Defendants moved promptly after notice of the entry of judgment although there is no limit of time when a court may open a judgment for default. *Michigan Ammonia Works v. Ellk,* 47 Pa. Superior Ct. 294, 296. In view of our conclusion as to the insufficiency of the plaintiff's statement of claim it is unnecessary to consider other matters upon which the court below decided adversely to defendants.

*Redington Hotel v. Guffey,* 148 Pa. Superior Ct. 502, 25 A. 2d 773, and *Prosewicz v. Gorski et ux.,* 151 Pa. Superior Ct. 309, 30 A. 2d 224, relied upon by the court below, are not controlling. In the *Guffey* case there was a rule to strike off the judgment which had been entered for failure to file an affidavit of defense. We were of the opinion that the statement contained averments of fact which were sufficient to sustain the action. In the *Gorski* case judgment was taken for want of an affidavit of defense, and defendants then moved to open the judgment and to strike off the judgment. The appeal was taken from the discharge of the rule to strike off. We held that the case was ruled by the *Guffey* case. A rule to strike off judgment is not an equitable proceeding, and defendant is not required to set forth a meritorious defense; in this respect it differs funda-

mentally from a rule to open judgment. *Redington Hotel v. Guffey,* supra, p. 504.

The order discharging the rule to open judgment is reversed; the rule is reinstated, and the record is remanded to the court below, with instructions to make the rule absolute as to those defendants against whom judgment was taken and an appropriate order as to those defendants against whom judgment was inadvertently entered. Costs of this appeal are to be paid by appellee.