## Huss v. Atlas Powder Company

*James J. Gallagher, Frank A. Gallagher, P. H. Burke,* and *J. W. P. Burke,* for plaintiff.

*Roy P. Hicks, James D. Williamson* and *Calvin J. Friedberg,* for defendant.

DALTON, J., November 13, 1950.—This is an action in trespass for damages to personal property. Claimant sets forth, inter alia, the following allegations: Plaintiff is engaged in the business of strip mining of anthracite coal. Defendant is engaged in the business of the manufacture, sale, delivery and use of explosives for the blasting of rock, soil and coal. In the early part of November 1948 "defendant, by its agents and employes, . . . and in pursuance of its agreement with this plaintiff, placed explosives in holes prepared by plaintiff on premises being worked by plaintiff, inspected the charges so placed, and fired the charges in

accordance with the terms of its agreement with plaintiff." It is alleged that the placing, wiring, firing and inspection of the charges of explosives was under the sole, exclusive and absolute control of defendant. It is further alleged that after the charges had been fired, "defendant, by its agents, servants, or employes, advised plaintiff, following an inspection of the fired area, that the charges were all fired and that the area was clear for plaintiff to carry out his work in"; that relying upon the inspection by defendant and defendant's oral assurances, plaintiff thereafter, on December 9, 1948, began to remove the rock, dirt and coal from the area by means of an electric shovel; that the bucket of the shovel came into contact with a charge of explosive that had not been fired, with the result that the charge exploded and caused damage to the shovel. Defendant, "by its agents, workmen, or employes" is charged with negligence in a number of particulars which need not now be set forth.

Defendant has filed preliminary objections in the form of a motion for a more specific complaint. Four reasons were originally advanced, but the fourth has been expressly abandoned.

The first and third reasons present but a single question; that is "Whether a complaint in trespass is specific enough, where the tortfeasors, who are alleged to be the servants of defendant, are not identified?" No pertinent decision of our appellate courts has been called to our attention, and our own independent research has disclosed none.

It is, of course, a familiar rule, that where in an action in *assumpsit* a principal is charged with *contractual* liability, he is ordinarily entitled on a motion for a more specific pleading to have the alleged agent named or otherwise identified: Redington Hotel v. Guffey, 148 Pa. Superior Ct. 502, 505, and cases there cited. It may be noted that in the Redington Hotel

case, the court carefully cautioned, in a footnote to p. 505, that "We are not dealing with a tort action where liability is sought to be imposed for the act of a servant." The considerations behind the rule in assumpsit actions are not necessarily applicable to an action in trespass. This distinction was pointed out at considerable length in Hassler v. Saracena, 60 Dauph. 237, where the court said, inter alia, at p. 241:

"It is hardly conceivable that contractual liability could be imposed upon the principal without full knowledge by the plaintiff and disclosure on his part of the name of the agent who imposed such contractual liability. . . . There is, however, a wide diversity in the factual situations which give rise to actions in tort. Whereas, in contract actions, by their very nature, the parties usually have complete knowledge of the identity of the contracting parties, tort actions, on the other hand, frequently arise between parties who are utter strangers to each other. They do not always know the names of all parties involved, and sometimes in the inherent nature of the case cannot know the names of all parties involved."

Defendant relies on the case of Darrow et al. v. Keystone 5, 10, 25, $1.00 Stores, Inc., 60 Dauph. 134, where plaintiffs were required to identify the agents or servants of corporate defendant, whose negilgence was alleged to have caused a fire. But the Darrow case has been greatly limited by two subsequent decisions of the same court. In Hassler v. Saracena, 60 Dauph. 237, the court explained the Darrow case by saying that plaintiffs in that case had "alleged certain facts which presupposed some knowledge on the part of the plaintiffs as to the identity of the defendant's agents who were alleged to have caused the fire." The court went on to say that:

"We did not in any sense lay down a general rule that in all tort actions and in all cases, the plaintiff

must give the names of the defendant's agents, servants or employees who were alleged to have committed the acts complained of."

And in Sprecker v. Minutola et al., 70 D. & C. 595, the Darrow case was similarly explained and distinguished, and *not* followed.

The present case is more nearly analogous to Hassler v. Saracena, 60 Dauph. 237, supra. In that case plaintiff alleged that defendant, "his servants, agents and employees", had deposited large quantities of earth and stone on plaintiff's land. On a motion for a more specific complaint it was held that plaintiff was *not* required to set forth the names of defendant's servants, agents and employes. In so deciding, the court said, inter alia, on pp. 239, 240:

"Actually, the only question before us under Rule 1017 (b) (3) is whether the complaint is sufficiently clear to enable the defendant in this case to prepare his defense. In other words, does the failure of the plaintiff to name defendant's servants, agents and employees in his complaint render the complaint so vague and uncertain that plaintiff must amend the same and name those servants, agents and employees, so as to enable the defendant to prepare his evidence and present the same at the trial?

"There is nothing in the complaint to indicate that the plaintiff has any knowledge concerning the names or identity of the defendant's employees who are alleged to have committed the wrongful acts complained of. It was argued by the plaintiff, of course, that he did not know such names, and this argument does not seem to have been seriously controverted by the defendant. The defendant, however, by the very nature of this operation had either knowledge or means of knowledge as to the employees who were engaged in the particular operation complained of. At least it can be said with reasonable certainty that the defend-

ant's means of ascertaining the names of these particular employees, on the basis of the pleadings in this case, are shown to be far superior to any means available to the plaintiff.

"In these circumstances, we confess that we do not understand how a particular allegation as to the names of the defendant's servants is essential to the preparation of the defense or the presentation of defendant's evidence. In the very nature of this particular case, the plaintiff probably could not know with accuracy the names of these servants or agents, and it is difficult to see how the plaintiffs could otherwise identify them, except by stating that they were the particular servants engaged in that operation."

Every word of the foregoing quotation applies with equal force to the situation in the case before us. Defendant can ascertain the names of the particular servants, agents or employes from its own records. On the other hand, it is highly improbable that plaintiff knows such names, and if he were required to state them in his complaint it is possible that he would have to resort to some time-consuming, and perhaps costly, ancillary discovery procedure. "As a general rule, a party will not be required to furnish information which is peculiarly within the knowledge of the party demanding the particulars": Georges Township v. Union Trust Co., 293 Pa. 364, 378. The first and third reasons are overruled.

The second reason in support of the motion for a more specific complaint is that "the nature and terms of the agreement referred to in paragraph 5 are not set forth". Defendant concedes, and properly so, that plaintiff is not required to set forth the terms of the contract in full, because the agreement is not the basis of the cause of action. Liability in tort does not grow out of contract; its source is in a duty imposed by law:

Ebbert et al. v. Philadelphia Electric Company, 330 Pa. 257, 269. As was said in that case at p. 269:

"One duty imposed by law is to use due diligence to avoid causing harm which an individual has no legal right to inflict upon another. This duty is breached by any legally harmful act or omission which might have been foreseen and avoided, especially when the person injured is one for whose safety and protection the defendant was at the time under some special obligation to act with due foresight."

The only purpose in pleading the agreement was to show the existence of a special relationship between the parties. We are therefore of opinion that for the purposes of the present action the agreement has been sufficiently identified as to its "nature and terms". The reason is overruled.

And now, November 13, 1950, the preliminary objections to the complaint are overruled, and defendant is allowed 20 days from this date to file an answer.