Ehrenzeller *v.* Chubb, Appellant.

■■■■■■■■■■

Argued March 10, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

■■■■■■■■■■

*J. Howard Neely,* for appellants.

*Edward E. Knauss, III,* with him *H. Brown Fry,* and *Metzger & Wickersham,* for appellee.

OPINION BY HIRT, J., July 17, 1952:

On June 13, 1950, summary judgment was entered by the prothonotary in favor of the plaintiff and against the defendants for want of an answer to plaintiff's complaint on praecipe of plaintiff's attorney, under Rule of Civil Procedure 1037. In entering judgment the prothonotary assessed damages in the amount claimed in the complaint. On June 21, 1950, defendants moved to strike off the judgment. This is defendants' appeal from the order of the lower court discharging the rule on their motion to strike.

A rule to strike off a judgment for irregularity on the face of the proceedings is in the nature of a demurrer to the record. *Redington Hotel v. Guffey,* 148 Pa. Superior Ct. 502, 25 A. 2d 773. The proceeding is not equitable and a defendant is not required to answer

on the merits (*Richey v. Gibboney,* 154 Pa. Superior Ct. 1, 7, 34 A. 2d 913) if the complaint is not self-sustaining in setting up a good cause of action. *Prosewicz v. Gorski et ux.,* 151 Pa. Superior Ct. 309, 30 A. 2d 224. A plaintiff's complaint is always open to attack on the ground that it is not self-sustaining, as on demurrer, when he asks for judgment for want of an answer. Cf. *Parry v. First Nat. Bk. of Lansford,* 270 Pa. 556, 113 A. 847.

From the complaint it appears that in August 1946, pursuant to an oral contract, defendants conveyed to plaintiff by warranty deed a woodland tract in *Susquehanna* Township, Juniata County, of 44 acres, more or less, for $2,200. At the time of settlement plaintiff was given an abstract of title which indicated that the grantors had marketable title to the 44-acre tract conveyed. Almost four years later plaintiff had a survey made of the tract, the boundaries of which had been pointed out to plaintiff by defendant Chubb before the sale was consummated. From the survey it appeared that the tract within the boundaries, which had been so identified by defendant Chubb, adjoined the land described in defendants' deed to plaintiff and comprised 39 acres, 114 perches. This tract was not owned by the defendants and was situate wholly in *Greenwood* Township. Plaintiff further averred that the tract which he intended to buy was valuable timber land whereas the 44-acre tract had little value. The gist of plaintiff's action on these averments is that at the consummation of the sale there was a mutual mistake of fact as to what plaintiff intended to buy and what defendants intended to sell. On that ground plaintiff sought to rescind, and recover back the purchase price.

As early as *Gibson v. The Union Rolling Mill Company,* 3 Watts's 32, 37, it was said: "the misconception

which avoids a contract is necessarily a mutual one, and of a fact which entered into the contemplation of both parties as a condition of their assent". The principle was affirmed in *Holmes v. Cameron,* 267 Pa. 90, 110 A. 81. And as recently as *Vrabel v. Scholler,* 369 Pa. 235, 85 A. 2d 858, the general rule is again stated thus: " 'A contract [made under] a *mutual mistake* as to an essential fact which formed the inducement to it, may be rescinded on discovery of the mistake, if the parties can be placed in their former position with reference to the subject matter of it': Blygh v. Sansom, 137 Pa. 368, 377, 20 A. 996." (Emphasis added). Cf. *Namy v. Black,* 367 Pa. 523, 80 A. 2d 744. 55 Am. Jur., Vendor and Purchaser, §531.

On the above authorities it is clear that if mutual mistake was properly pleaded, the entry of summary judgment in plaintiff's favor was justified. But other allegations in plaintiff's complaint are inconsistent with his contention of mutual mistake of fact and are equivalent to an admission that he is relying on a unilateral mistake of fact—his own. In paragraph 3 of the complaint plaintiff averred that Chubb offered to sell a certain tract of timber in *Susquehanna* Township; that he represented the tract as containing 44 acres more or less (which in fact was its area) and "pointed out the location and boundaries of *said tract*". And in paragraph 16 plaintiff averred in effect that ever since plaintiff notified defendants on April 8, 1950, of the alleged mutual mistake in the description of the land conveyed, the defendants "have persisted in their belief that the description of the land conveyed in the deed of August 7, 1946, applied to the tract", identified by defendant Chubb prior to plaintiff's acceptance of the offer of sale. The averments of these paragraphs of the complaint amount to a negation of mutual mistake.

It is a fact of some significance that nowhere in his complaint does the plaintiff charge defendant Chubb with fraud. And since it must be presumed that defendants intended to sell land which they owned rather than a tract to which they had no title whatever, it is incumbent on plaintiff to plead facts unequivocally to the effect that there was a mutual mistake as to the identity of the land sold.

It is well settled that the power of entering a summary judgment should be cautiously exercised. "A summary judgment should be entered on pleadings only in a case that is clear and free from doubt": *Vrabel v. Scholler,* supra. "If a doubt exists a judgment should not be entered": *Tide Water Assoc. Oil Co. v. Kay,* 168 Pa. Superior Ct. 263, 77 A. 2d 754; quoting from *Holladay v. Fidler,* 158 Pa. Superior Ct. 100, 43 A. 2d 919.

Judgment reversed with a procedendo.