## Smith v. The White Motor Company

2

*Melvin Alan Bank* and *Charles A. Rothman,* for plaintiff.

*Clark, Ladner, Fortenbaugh & Young,* for defendant.

ALESSANDRONI, J., May 5, 1953.—This matter comes before the court on motions to strike and to open a judgment entered by default. The facts are as follows:

Plaintiff obtained a truck from defendant on the basis of a written agreement denominated "lease". Plaintiff defaulted on the installments due, whereupon defendant replevied the truck and thereafter sold it at a private sale. The balance due defendant in March of 1951 was $2,972.30. Defendant credited the sum received against the amount due from plaintiff.

In March 1951 plaintiff filed a complaint in assumpsit claiming a recovery for failure to follow the provisions of the Conditional Sales Act of May 12, 1925, P. L. 603. This complaint was served on the attorney for defendant, defendant itself had been served by the sheriff with a summons. No appearance was entered for defendant. Finally, after many importunities to defendant's counsel to answer, plaintiff took judgment by default for failure to file an answer on October 10, 1952. On March 31, 1953, the motion to open was filed; on April 2, 1953, defendant filed a motion to strike.

Both of defendant's motions deal with the service of the complaint. We think the argument by defendant

that inadvertence of counsel was responsible for the failure to file an answer and that therefore the judgment should either be opened or stricken off, is without merit. The alleged irregularity in the record was caused by counsel for defendant. If that were the only basis for the above motions they would have to be summarily refused. Cf. Slotnick et al. v. Lavine et al., 160 Pa. Superior Ct. 186. A delay of 22 months cannot be condoned.

However, we believe the motions should be treated as the Superior Court did in Prosewicz v. Gorski et ux., 151 Pa. Superior Ct. 309, 311, in that they are essentially belated attempts to strike off the complaint. At this stage of the proceedings and after this unexplained delay they must be regarded as a demurrer to the record: Kingsdorf v. Frank Gamburg, Inc., 147 Pa. Superior Ct. 84. Under such circumstances the complaint must be self-sustaining in order to defeat the rule to open: Nikulnikoff v. Orthodox Russian Church of St. Andrew, Inc., 97 Pa. Superior Ct. 291.

We now examine the pleadings to determine whether or not the complaint is self-sustaining. The complaint avers a violation of the provisions of the Conditional Sales Act of May 12, 1925, P. L. 603, sec. 19, 69 PS §454. That section sets forth the rights of a defaulted buyer under a conditional sales contract who has paid more than 50 percent of the price, as is the case here. The rights deal with the necessity of public sale of the repossessed property. A conditional sale is one where the property subsequently vests in the buyer upon payment of the purchase price or upon some other condition or happening of a contingency: 69 PS §361.

The fatal flaw in plaintiff's complaint is that this "lease" is not a conditional sales contract. The lease on its face is in the nature of a bailment lease. It is true that the Motor Vehicle Sales Finance Act of June

28, 1947, P. L. 1110, sec. 2(*b*), 69 PS §602(*b*), condemned the fictional instrument of the "Pennsylvania bailment lease;" but the same act in its definitions, 69 PS §603(10), includes bailment leases in its definition of "installment sale contract". The contract at issue meets the requirements of the above act: 69 PS §§614, 615. The fact that it is a bailment lease does not place it in violation of the above act, nor does it convert it into a conditional sale. Grossman et al. v. Land Title Bank & Trust Co., et al., 66 D. & C. 243, specifically held that the statement of policy did not convert bailment leases into conditional sales contracts.

Plaintiff relies on the following language of the agreement for a declaration that it is a conditional sales agreement. The consideration is referred to as a "cash price"; the unpaid rental balance is termed "unpaid cash balance"; title is reserved in seller and buyer or lessee might purchase same for $1 after all rent paid. Plaintiff truthfully states that a sale was intended. Can one argue that most bailment leases are not intended to be sales of goods? It is a credit extension device which exists specifically for that purpose.

The words above quoted are taken directly from the section of the Act of June 28, 1947, 69 PS §614, defining the requirements of the contract. B(1) states "cash price"; B(3) defines "unpaid cash price balance". The agreement at issue was required to conform to the requirements of the statute; mere words as such cannot change the substance of the agreement. The contract specifically states that the truck was to be returned at the expiration of the lease.

If the agreement is a bailment lease and we so hold that it was, then there is no right to the benefits of the Conditional Sales Act, supra. Without a right under that act, plaintiff's complaint is not self-sustaining. The judgment must therefore be opened.

*Order*

And now, to wit, May 5, 1953, defendant's rule to open judgment is made absolute; defendant's rule to strike off the judgment is discharged.