## Bryfogle, Trading, v. Fenstermaker

*Randall V. Snyder,* for plaintiff.

*Martin H. Philips* and *J. G. Keller,* for defendant.

HENNINGER, P. J., September 20, 1954.—Plaintiff sued defendant in assumpsit for $1,535, balance due upon a bailment lease for a Plymouth automobile, which was destroyed in an accident. Defendant paid

$100 on account of the bailment lease and accompanying note, but the record does not show whether that payment was made before or after the accident.

According to the sheriff's return, the complaint was served upon defendant by the Sheriff of Lehigh County on October 28, 1953, by handing a true and attested copy thereof to Charles Fenstermaker, a brother of defendant and an adult member of defendant's household, at defendant's home in Washington Township, Lehigh County.

On November 25, 1953, plaintiff took judgment for want of an answer for $1,535, with interest from May 25, 1953, and attorney's commission of five percent. On June 3, 1954, defendant presented simultaneously a petition to strike off the judgment and one to open the judgment.

The petition to strike off the judgment avers that (1) plaintiff is not the real party in interest, since the bailment lease and note had been assigned to Neff's National Bank; (2) the damages are unliquidated because admittedly defendant is entitled to credit for the salvage value of the damaged automobile.

The petition to open judgment, which is not now before us for consideration, denies that service was properly made and avers as a meritorious defense that plaintiff failed to perform an alleged promise to procure collision insurance and that defendant is entitled to credit for the salvage value of the damaged car. There is attached to the petition to open, proposed preliminary objections attacking the service upon defendant.

The case is now before us solely upon the motion to strike off the judgment and we will confine ourselves to the reasons there set forth.

There is no doubt that prior to promulgation of Pennsylvania R. C. P. 2001-2025, inclusive, plaintiff

could have sued on the contract as legal plaintiff regardless of his having assigned the chose in action prior to bringing suit: Howes v. Scott, 224 Pa. 7, 12; Commonwealth v. Maryland Casualty Co., 369 Pa. 300, 307.

Pennsylvania R. C. P. 2002, however, provides as follows:

"(a) Except as otherwise provided in clauses (b), and (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

"(b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

"(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

"(2) is a person with whom or in whose name a contract has been made for the benefit of another.

"(c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise.

"(d) Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest."

This defense would be better raised by preliminary objection, but defendant contends forcefully that judgments on their face improperly entered are subject to be stricken whether the judgment be by confession (Boggs v. Levin, 297 Pa. 131, 134), or by default (Ehrenzeller v. Chubb, 171 Pa. Superior Ct. 460, 462), and that plaintiff is now a stranger to the contract.

We do not find that plaintiff comes within any of the exceptions in Pa. R. C. P. 2002. He does not claim to act as legal plaintiff for a use plaintiff or as one with whom a contract was made for the benefit of another and there is no statutory provision for such

an assignor to sue. The assignee may or may not have an interest in the results of this suit, but no subrogation relationship is disclosed.

The question, therefore, is whether the complaint discloses that plaintiff is the real party in interest. Clearly if a preliminary objection had been filed to the complaint we would have held it faulty in that it does not clearly plead that plaintiff has reacquired title to the contract and we cannot say that he has. But defendant by failure to enter a timely objection to the complaint has lost his right to object to its form and can now raise only fundamental objections to its substance.

The pleadings reveal, however, that plaintiff does have an interest in the enforcement of the bailment lease and of the note. While the assignment does not state in plain language that plaintiff is a guarantor of defendant's compliance, the words "We waive all demands and notices to which we might otherwise be entitled and consent that without notice to us said Assignee may grant indulgences, extensions and renewals, or compound or release any rights against any Lessee", imply such a guarantee.

When we turn to the note, we find that plaintiff has endorsed it with a waiver of presentation, protest and notice of protest and nonpayment. This clearly subjects plaintiff to the obligation of an endorser, the most important of which is to pay the amount thereof to the holder if it be not paid according to its tenor: Negotiable Instruments Law of May 16, 1901, P. L. 194, sec. 66, 56 PS §157. Default in payment is properly, if loosely, pleaded.

Section 51 of the same act, 56 PS §131, permits the holder of a negotiable instrument to sue in his own name. Anderson in 4 Standard Pa. Practice, p. 28, states:

"This rule (2002) does not require the holder of a negotiable instrument to plead the various preceding transfers because, as a matter of substantive law, the person who is the holder is given the substantive right of suit by virtue of being the holder rather than by virtue of his being the assignee of one who had the right to sue."

Plaintiff is not, therefore, a stranger to the transaction and is a party in interest, although he may not be the real party in interest in the sense that he would be able to discharge defendant from liability. See Anderson, 4 Standard Pa. Practice, 13; Kusmaul v. Stull et al., 356 Pa. 276, 280. Plaintiff is, however, the apparent holder of the note and lease for he attached a copy thereof to his complaint.

We are the less reluctant to hold defendant to this judgment because there remains undisposed of his attack upon the service of the complaint. If that is set aside, then the judgment must fall and defendant will have a full opportunity to present any defense to the complaint. On the other hand, if defendant was properly served, he may still have the judgment opened if he shows a good defense and a good reason for not presenting it in time.

We see no merit in defendant's second point that the damages are unliquidated because defendant would be entitled to the salvage value of the automobile. The amount due was fixed certainly by the instruments and the pleadings. Any credits can be taken care of on principles of subrogation if the judgment is paid. While a judgment may be opened to establish credits for amounts paid on account, that is not cause for striking a judgment.

Now, September 20, 1954, defendant's rule to strike off the judgment to above term and number is discharged and defendant is ordered to prosecute his rule to open the judgment with dispatch.