## Big Boys Auto Parts Co. v. The Bon Ton Store

*Rosenn, Jenkins & Greenwald*, for plaintiff.
*Fahey & Casper*, for defendant.

PINOLA, J., May 12, 1958.—We have for consideration defendant's preliminary objections to the complaint.

The complaint, based on a book account, alleges that plaintiff, at the special instance and request of defendant, sold and delivered to defendant goods, wares and merchandise at the times, in the amounts, of the kinds and for the prices set forth in a true and correct copy of account taken from plaintiff's books of original entry, which are attached to the complaint.

The objections read as follows:

"1. The Complaint alleges (Paragraph 3) that the action is based on a book account and is not based on a writing, and is therefore oral, but fails to allege the name or names of the person or persons who gave the alleged oral order, by what authority the alleged oral order was given, and the time when the alleged oral order was given.

"2. 'Exhibit A' attached to the Complaint, alleged to be a true and correct copy of Plaintiff's books of original entry, fails to set forth the types, kinds and quantities of merchandise alleged to have been sold, and fails to set forth the nature of the alleged credits granted to defendant by plaintiff."

From public records it appears that Julius Brann and Frank M. Bruce, both of New York City, registered under the Fictitious Names Act to do business under the title "Bon Ton Department Store" at 130-136 West Broad Street, Hazleton, on February 20, 1945.

On April 6, 1954, the Frank Bruce Company, Inc., was incorporated with registered office at the same address. On June 7, 1954, the fictitious name certificate was cancelled.

The Bruce Company has not complied with the Fictitious Corporate Name Act of July 11, 1957, P. L. 783, requiring registration by a corporation doing business under a fictitious name, but the only penalty prescribed by that act is in connection with the maintenance of any action on a contract by the corporation. No penalty is provided where the violator is a party defendant.

As of June 7, 1954, plaintiff claims there is a balance due from defendant of $1,859.85.

Objection 1, that the name of the agent of the corporation is not given, would apply only to the sales from June 7, 1954. Since it appears that the debits from that date to August 14, 1956, total $24,908.02, and that the credits total $24,879.75, the court would hardly be justified in requiring plaintiff to give the name or names sought in the 135 sales made during that period.

As to the sales prior to June 7, 1954, they were made to the two individuals trading under the fictitious name. Either one, or both, must know what orders were given and by whom.

When, in Redington Hotel v. Guffey, 148 Pa. Superior Ct. 502, 505, it was objected that the name of defendant's agent had not been given, Judge Kenworthy declared:

"The court might have compelled appellee to furnish the information on a rule for more specific statement of claim on a showing of substantial prejudice."

Here there is not even an averment of any prejudice.

As for objection 2, we note that many of the items are marked "television," and under the heading "description," there is a number which apparently is the invoice number. Defendant corporation and the prede-

cessor partnership received merchandise from plaintiff and in each instance must have received the invoice, and, therefore, it is fair to infer that they have available all the information which they now seek.

There are 553 debit entries from August 1950, to August 1956, and there are 484 credit entries during that same period. When defendant asks us to believe that it paid or received credits totaling $131,803.46 on account of purchases amounting to $133,691.63, without knowing what items were purchased and without knowing who ordered the merchandise, it taxes our credulity.

We believe that defendant is seeking an unfair advantage of plaintiff. It is attempting to place upon plaintiff an insurmountable task, one that will, in effect, bar its claim and deprive it of its day in court.

"Pleadings should not be made instruments for the harassment and exasperation of litigants, bringing the judicial process into disrepute, but should help to narrow the issues and apprise defendant of what he will be required to meet at trial": Pincus v. Wolf, 2 D. & C. 2d 389, 392.

The receipt by defendant by way of credit given or payment made by it in 484 instances throughout the course of this running account would seem to constitute ratification of the entire account by defendant corporation.

We believe that the information in the account, together with the information which defendant already has, will apprise defendant of what it will be required to defend at trial.

Accordingly, we enter the following

*Order*

Now, May 12, 1958, at 2 p.m., the preliminary objections are dismissed and defendant is directed to answer within 20 days.