J-A17021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| LOUANN M. MERGL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID G. KILLA, ANITA H. CHURLIK AND MERCER COUNTY COMMUNITY FEDERAL CREDIT UNION | |
| | No. 1899 WDA 2017 |

Appeal from the Order, November 20, 2017,
in the Court of Common Pleas of Mercer County,
Civil Division at No(s): 2014-03528.

BEFORE:  OTT, J., KUNSELMAN, J. and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:          FILED OCTOBER 31, 2018

Appellant, Louann Mergl, appeals from the order of court granting summary judgment in an employment discrimination case.  We reverse and remand.

The underlying facts of this case are largely irrelevant, but set the stage for the procedural issue before us.  Mergl was terminated from her position at the Mercer County Community Credit Union after being employed there from October 1, 2006 to January 10, 2011.  Following her termination, Mergl filed a discrimination complaint with the Pennsylvania Human Relations Commission (PHRC).  The exact date on which she filed her claim is in dispute, but the trial court believed she unequivocally filed it on December 12, 2011.  The PHRC dismissed Mergl's complaint on November

19, 2012 because it found no probable cause that any discrimination occurred.

Mergl initiated her civil action in the Court of Common Pleas of Mercer County on November 19, 2014. Appellees, Mercer County Community Credit Union, David Killa, and Anita Churlik, filed a motion for summary judgment on August 30, 2017. Mergl did not file a response to the motion for summary judgment, but she did file a brief in opposition. She attached an affidavit to her brief, in which she claims that the PHRC received her charge of discrimination before July 11, 2011. In her affidavit, she maintains the complaint was filed with the PHRC within the statutory 180 day time period. Despite the affidavit, the trial court granted the motion for summary judgment because it found that there were no genuine issues of material fact regarding the untimeliness of the PHRC filing.[1] Mergl appealed this decision.

Mergl raised the following issues on appeal:

Did the trial court abuse its discretion and commit an error of law in granting summary judgment for failure to respond and for failing to consider [Mergl's] affidavit as part of the record because [Mergl's] Brief in Opposition of Summary Judgment was a response to the Motion for Summary Judgment and the affidavit part of the record?

Did the trial court abuse its discretion and commit an error of law in granting summary judgment because the existence of [Mergl's] affidavit created a genuine issue of material fact as to the timeliness of

_____

[1] Trial Court Memorandum Opinion, 11/21/17 at 1-2.

the filing of the complaint with the Pennsylvania Human Relations Commission?

Did the trial court abuse its discretion and commit an error of law by determining that [Mergl's] charge of discrimination filed with the PHRC is not a complaint pursuant to 43 Pa.C.S. § 959 and by failing to find that the complaint filed with the PHRC within 180 days exhausts the statutory remedy?

Mergl's Brief at 2-3. All three issues are closely related, but we will address them individually.

Our standard of review of an order granting summary judgment is well settled. We review the record in the light most favorable to the non-moving party, and all doubts regarding the existence of a material fact must be resolved against the movant. Sicliano v. Mueller, 149 A.3d 863, 864 (Pa. Super. 2016) citing Daley v. A.W. Chesterton, Inc., 37 A.3d 1175, 1179 (Pa. 2012). Our scope of review is plenary and we must reverse the trial court order where there was an abuse of discretion or an error of law. Id. The question of whether there are material facts at issue is a question of law, and our review of questions of law is de novo, therefore we need not defer to the trial court's determinations. Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010).

With respect to Mergl's first issue, she challenges the court's grant of summary judgment based on her failure to file a "response", even though she filed a brief in opposition and attached a supporting affidavit. Mergl argues that the court's policy is to give the parties an opportunity to plead their cause of action and not turn a party out because of a technical error,

and, therefore, entry of summary judgment should be cautiously exercised. *Ehrenzeller v. Chubb*, 90 A.2d 286 (1952). She asserts that the Pa.R.C.P. 1035.3 requirement for a "response" to a motion for summary judgment is not statutorily defined, and a party "opposing a motion for summary judgment is not required to file a responsive pleading..." *Kelly by Kelly v. Ickes*, 629 A.2d 1002, 1005 (Pa. Super. 1993).

The Rules of Civil Procedure allow a trial court to enter summary judgment against a party who does not file a response. Pa. R.C.P. 1035.5(d). This decision is left to the discretion of the trial court. The trial court decided that Mergl's affidavit was not properly part of the record because it was attached to her brief in opposition, and the parties' briefs are not considered part of the record. Trial Court Opinion, 11/21/2017 at 3; *Scopel v. Donegal*, 698 A.2d 602 (Pa. Super. 1997). However, Mergl's brief in response, with the affidavit in question attached, was filed with the prothonotary and entered on the docket, thereby entering the affidavit into the official record. Furthermore, the record expressly includes any affidavits. Pa. R.C.P. 1035.1 (2); *See also Bailets v. Pennsylvania Turnpike Com'n*, 123 A.3d 300, 301 (Pa. 2015). As such, the trial court should have considered the affidavit, and the information contained therein, in deciding whether to grant summary judgment. The trial court abused its discretion by not considering the brief in opposition and the affidavit.

In her second issue, Mergl claims the trial court abused its discretion and committed an error of law by granting summary judgment, because her

affidavit created a genuine issue of material fact regarding the timeliness of her complaint with the PHRC.

Here, we agree that the affidavit raised a genuine issue of material fact. Mergl's sworn affidavit states, "I, LouAnn M. Mergl, hereby verify to the best of my knowledge, information, and belief that my charge of discrimination filed with the Pennsylvania Human Relations Commission was received by them and accepted on July 11, 2011." Supplemental Reproduced Record at 416b. Clearly, the best way to prove that the complaint was filed within the 180 day time requirement would be to present some document or intake form from the PHRC, but Mergl indicated at oral argument that the PHRC has been uncooperative with her attempts to obtain a copy of her file. Because of this, she claims summary judgment was premature. She should have been given more time to obtain documentation from the PHRC. Essentially Mergl maintains she filed a timely charge with the PHRC, but the agency was delayed in producing the actual complaint.

Mergl also argues that while a trial court is permitted to disregard an affidavit when it is not wholly credible, this trial court did not bother to make a credibility determination with respect to the affidavit. See Gruenwald v. Advanced Comput. Applications, Inc., 730 A.2d 1004, 1009 (Pa. Super. 1999) (holding where the trial court was permitted to rely solely on an affidavit to create a genuine issue of material fact, while recognizing that an affidavit may be disregarded when it is not wholly credible). Notably, the PHRC did not dismiss Mergl's complaint for lack of timeliness, instead it

determined the facts indicated a lack of probable cause to pursue the allegations of wrongful discrimination. The PHRC's decision to investigate, rather than dismiss the claim outright for lack of timeliness, allows a reasonable inference that Mergl filed her complaint within the 180 time period required by the statute. Despite this, the trial court simply disregarded the affidavit based on semantics. See Trial Court Memorandum Opinion, 11/21/17 at 3.

If the trial court considered the affidavit, a genuine issue of material fact would have been raised because the affidavit claimed the complaint was filed with the PHRC in a timely manner, contrary to the date on the complaint contained in the record. Mergl explained there was a discrepancy between the dates because the PHRC generated the document in December, thus the timestamp indicated the generation date, not the filing date. We agree that under the circumstances, based on the record, the trial court abused its discretion by determining that Mergl's affidavit did not raise a genuine issue of material fact, and summary judgment was premature at this juncture.

Finally, in her third issue, Mergl claims the trial court abused its discretion and committed an error of law by determining that there was a difference between a complaint filed with the PHRC and a "charge of discrimination."

The Pennsylvania Code does not require a PHRC complaint to be labelled as such in order to be considered a complaint under the statute,

merely that it contain certain information. See 16 Pa. Code § 42.32. The complaint, or charge of discrimination, must contain: the name and address of the complainant, the names and addresses of the individual(s) and/or institution that has allegedly committed the discrimination, the particulars of the unlawful discrimination, a verification consisting of a sworn oath or affirmation or an unsworn statement by the signer indicating that the complaint is made subject to the penalties outlined in 18 Pa.C.S. § 4904, and any other information requested by the PHRC. 16 Pa. Code § 42.32. Federal case law also indicates the terms "complaint" and "charge of discrimination" are interchangeable with respect to employment discrimination. See e.g. Federal Exp. Corp. v. Holowecki, 552 U.S. 389 (2008) (holding that a filing, taken as a whole, must be able to be construed as a request for the agency to take whatever action necessary to vindicate the employee's rights); Pizio v. HTMT Global Solutions, 555 Fed. Appx. 169, 171 (3d Cir. 2014) (holding that an intake questionnaire qualifies as a charge of discrimination).

Based on the legal flexibility of the terms "charge" and "complaint", the trial court's grant of summary judgment because of Mergl's choice of verbiage was also an abuse of discretion. The substance of the filing is what is most important, not how the aggrieved party to labels the document. Construing all relevant facts, including those in the affidavit, against the movant requires the conclusion that a genuine issue of fact exists as to when

Mergl filed her complaint with the PHRC. Thus, summary judgment at this juncture was inappropriate.

In sum, we find that summary judgment was inappropriate and premature because Mergl's affidavit should have been considered by the trial court, and it raised a genuine issue of material fact with respect to the timeliness of her PHRC complaint.

We reverse without prejudice and remand for further proceedings. Jurisdiction relinquished.

Judge Musmanno joins in this Memorandum.

Judge Ott files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2018